THE STATE OF OHIO, APPELLEE, *v.* SCHRECKENGOST, APPELLANT.

[Cite as State v. Schreckengost (1972), 30 Ohio St. 2d 30.]

(No. 71-489—Decided April 26, 1972.)

*Mr. William J. Brown,* attorney general, and *Mr. Maynard French Thomson,* for appellee.

*Messrs. Blakemore, Rosen, Miller & Norris, Mr. Joseph G. Miller* and *Mr. Patrick J. Neman,* for appellant.

LEACH, J. In view of the nature of much of the argument advanced to this court, it is necessary to define the actual scope of the appeal herein. The trial court did not hold that Rule NRP 5-07,[2] when applied to the facts of a particular case, was unreasonable or unlawful. Such a holding could, of course, be made only after an evidentiary hearing. While the trial court held Rule NRP 5-07 to be "void and of no effect," it did so solely upon the basis that R. C. 1541.09 was unconstitutional and void; that "as a result" the rule "was void and of no effect."

The record herein comprises only the affidavit, the motion to quash, and the trial court's entry sustaining the motion. Since no evidence was taken by the trial court, the location of any designated "swimming areas," or the absence of such designation in other areas, is not disclosed.

R. C. 1541.09 reads:

"The Division of Parks and Recreation shall make and enforce such rules and regulations, including the appointment and government of park and patrol officers in all parks and bodies of water and lands adjacent thereto under

---

[2] Rule NRP 5-07 reads, as follows:

"No person shall swim from any watercraft, from any dock or raft facility, or from any shoreline of any state property other than that designated by the Division as a swimming area."

the supervision and control of the division, as are necessary to the proper management of such parks and bodies of water, and in accordance with Sections 119.01 to 119.13, inclusive, of the Revised Code.''

The authority of the Division of Parks and Recreation, to adopt rules and regulations as to ''swimming areas'' in bodies of water under the jurisdiction and control of such division, does not emanate solely from the general language of R. C. 1541.09, but is also specifically included in R. C. 1541.03 which reads, so far as pertinent:

''All lands and waters dedicated and set apart for state park purposes shall be under the control and management of the Division of Parks and Recreation, which shall protect, maintain, and keep them in repair. The division shall have the following powers over all such lands and waters:

''* * *

''(D) To make, adopt, repeal, rescind, and amend, in accordance with Sections 119.01 to 119.13, inclusive, of the Revised Code, rules and regulations necessary for the proper management of state parks, bodies of water, and the lands adjacent thereto under its jurisdiction and control, including the following:

''* * *

''(8) Governing state beaches, swimming, inflatable devices, and fees therefor.''

When R. C. 1541.09 is read *in pari materia* with R. C. 1541.03, we conclude that R. C. 1541.09 clearly is not unconstitutional on its face; that it does not violate the principle of ''unlawful delegation of legislative authority.''

The state has authority to regulate swimming and the areas where swimming will be permitted, on waters under its jurisdiction and control. Delegation to state administrative officials of the authority to adopt and enforce regulations to implement such a declared legislative policy is not, per se, unlawful.

In *Matz* v. *J. L. Curtis Cartage Co.* (1937), 132 Ohio St. 271, this court held, in paragraph seven of the syllabus:

''As a general rule a law which confers discretion on

an executive officer or board without establishing any standards for guidance, is a delegation of legislative power and unconstitutional; but when the discretion to be exercised relates to a police regulation for the protection of the public morals, health, safety or general welfare, and it is impossible or impracticable to provide such standards, and to do so would defeat the legislative object sought to be accomplished, legislation conferring such discretion may be valid and constitutional without such restrictions and limitations.''

See, also, paragraph two of the syllabus of *Weber* v. *Board of Health* (1947), 148 Ohio St. 389, and *State* v. *Switzer* (1970), 22 Ohio St. 2d 47, at page 50.

In delegating to an administrative division of state government the authority to make and enforce rules and regulations adopted in accordance wtih the procedural requirements of R. C. 119.01 to 119.13, it is apparent that the General Assembly made a policy decision that specific ''standards'' were not necessary to accomplish the ''legislative object sought to be accomplished,'' and that it would be ''impossible or impracticable to provide such standards.'' Absent a showing of abuse of discretion in such determination, and here none has been demonstrated, the decision of the legislative body in such respect should not be disturbed by a court.

The judgment of the Court of Appeals is affirmed, and the cause remanded to the trial court for further proceedings as provided by law.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and BROWN, JJ., concur.