78.

Forest Hills Utility Co., Appellant, v. Gardner, Acting
Dir. of Health, Appellee.

(No. 71-382—Decided July 12, 1972.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman* and *Mr. Rankin M. Gibson,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. James A. Laurenson,* for appellee.

CORRIGAN, J. Appellant, Forest Hills Utility, challenges the authority of the Director of Health to order improvements and changes in a waterworks system where the Public Health Council has, after due notice and hearing, approved his finding, without stating the reasons therefor.

R. C. 3701.34 delineates the powers and duties of the Public Health Council and provides, in part:

"The Public Health Council shall:

"* * *

"(C) Conduct hearings in cases where the law requires that the department shall give such hearings *and reach decisions on the evidence presented,* which shall govern subsequent actions of the director with reference thereto * * *." (Emphasis added.)

In addition, R. C. 6111.17 reads, in part:

"After the hearing provided for in Section 6111.16 of the Revised Code, *if the Public Health Council determines* that improvements or changes are necessary and should be made, the Director of Health shall notify the * * * person owning or operating such water supply or water-works system to make improvements, corrections, and changes * * *. The order of the director and the time fixed for making the improvements or changes shall be approved by the council * * *." (Emphasis added.)

The record before our court in this case certifies that a hearing, pursuant to R. C. 6111.16, was conducted by the Public Health Council, but that record is devoid of any independent determinations, findings or conclusions of the council. The only communication from the Public Health Council is the certification signed by the secretary, dated June 11, 1970, which merely approves the acting director's finding. A separate determination of findings by the Public Health Council must be made, after hearing with notice, and included in the conclusions of the council.

Further, our reading of R. C. 3701.34(C) and R. C. 6111.17 compels the determination that these two statutes contemplate that the Public Health Council, after due no-

tice and hearing, make findings and conclusions and eluci- date in writing such decision and the basis therefor, in ap- proving the finding of the Director of Health.

The Public Health Council did not come to a decision in this case in accordance with the provisions of these statutes. The certification made by the Public Health Coun- cil on June 11, 1971, approving the order of the Acting Di- rector of Health of May 15, 1971, does not comply with the statutory requirements, and is, therefore, unreason- able and unlawful. Such order is reversed and the cause is remanded to the Public Health Council for further con- sideration in accordance with this decision.

*Order reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, STEPHENSON, LEACH and BROWN, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sit- ting for STERN, J.