ERIE CARE CENTER, INC., APPELLANT, v. ACKERMAN, DIR. OF HEALTH, APPELLEE.

(No. C.A. E-81-50—Decided March 5, 1982.)

Mr. Rankin M. Gibson, for appellant.
Mr. William J. Brown, attorney general, and Mr. Isiah Daniels, III, for appellee.

Per Curiam. This cause came on to be heard upon the record in the trial court. Each assignment of error was reviewed by the court and upon review the following disposition made:

Appellant, Erie Care Center, Inc., is appealing from a judgment of the Erie County Court of Common Pleas which affirmed an order of the Director of Health that the license of the operator of appellant be revoked. On June 2, 1980, appellee, John H. Ackerman, Director of the Ohio Department of Health, sent a letter to Mr. Price, owner and operator of appellant, in which appellee proposed to revoke his license to operate appellant because of violation of R.C. 3721.05 and nineteen specific violations of certain sections of Ohio Adm. Code Chapter 3701-17. The letter informed Price that he could request a hearing on the possible revocation. Price did request a hearing. The hearing was held on July 16, August 14, and August 15, 1980, before a hearing officer of the Department of Health. Pursuant to the provisions of R.C. 119.09, both appellee and appellant presented evidence on the alleged violations set forth in the June 2, 1980, letter. On December 19, 1980, the hearing officer issued his report, finding sufficient evidence was introduced at the hearings to prove thirteen of the nineteen charges. The referee recommended that the Director of Health revoke the nursing home license because of the nature of the violations, which, according to the referee, included uncleanliness, disrepair, inadequate record-keeping and nursing staff shortages.

On January 8, 1981, appellee issued an order in which he confirmed and approved the hearing officer's recommendations and ordered the license issued to the operator revoked.

Appellant appealed this decision of appellee to the Erie County Court of Common Pleas pursuant to the provisions of R.C. 119.12. The trial court found the order of appellee was supported by reliable, probative and substantial evidence and was in accordance with law. Appellant then appealed to this court.

Appellant's first assignment of error is:

"I. The trial court erred in finding that the license revocation order, which is

not supported by findings of fact or conclusions of law, is lawful and valid."

R.C. 119.09 provides, in pertinent part, as follows:

"In an adjudication hearing required by sections 119.01 to 119.13 of the Revised Code, the agency may appoint a referee or examiner to conduct said hearing. He shall have the same powers and authority in conducting said hearing as granted to the agency. Such referee or examiner shall have been admitted to the practice of law in the state and be possessed of such additional qualifications as the agency requires. The referee or examiner shall submit to the agency a written report setting forth his findings of fact and conclusions of law and a recommendation of the action to be taken by the agency. * * * The recommendation of the referee or examiner may be approved, modified, or disapproved by the agency, and the order of the agency based on such report, recommendation, transcript of testimony and evidence, or objections of the parties, and additional testimony and evidence shall have the same effect as if such hearing had been conducted by the agency. No such recommendation shall be final until confirmed and approved by the agency as indicated by the order entered on its record of proceedings, and if the agency modifies or disapproves the recommendations of the referee or examiner it shall include in the record of its proceedings the reasons for such modification or disapproval."

Upon our examination, we find no violation of the provisions of R.C. 119.09 by the Department of Health's action in failing to make its own findings of fact. R.C. 119.09 does not require the agency, in this case the Department of Health, to do so. Instead, the agency is permitted to approve, modify or disapprove the recommendation of the referee or examiner. The case relied upon by appellant, *Forest Hills Util. Co.* v. *Dir. of Health* (1972), 31 Ohio St. 2d 78 [60 O.O.2d 50], is distinguishable on its facts.

Turning to the other issue raised by appellant in this assignment of error, we disagree with appellant that the hearing examiner's conclusions of law do not constitute conclusions of law. We do agree, however, that some of the findings of fact made by the hearing examiner might be more precise. See, *e.g.*, 5 Milligan, Ohio Forms of Pleading and Practice 52-14.4, Form 52:4. Some of the findings of fact made by the hearing examiner are more in the nature of a narrative of the evidence presented at the hearing.

We further find that appellant has failed to show any prejudice by the manner in which the hearing examiner made his findings of facts. The purpose of findings of fact is to aid the reviewing court and to protect the due process rights of those affected by an agency's actions. 2 Ohio Jurisprudence 3d 293, Administrative Law, Section 121. There is also ample evidence in the record to support appellee's decision to revoke the license of the operator of appellant. This assignment of error is not well taken.

Appellant's second assignment of error is:

"II. The trial court erred in finding (1) that the regulations of the Public Health Council, promulgated as Chapter 3701-17, O.A.C., are neither arbitrary nor unreasonable and (2) that § 3721.03, Revised Code, to the extent that it authorized the Director of Health, after hearing, to revoke the license of any licensee for violation of 'any of the regulations made by the Public Health Council,' is neither arbitrary, unreasonable nor an unlawful delegation of legislative power to an administrative official."

The trial court held as follows regarding the issues raised by appellant in this assignment of error:

"Appellant asserts that the authorization of the Director of Health under ORC 3721.03 to revoke the license of any licensee for violation of any of the regulations made by the health council and that the regulations promulgated by the health

council known as Chapter 3701-17 O.A.C. are arbitrary, capricious, unreasonable and hence unlawful and unenforceable.

"The authority of the legislature to delegate rule-making powers to administrative department heads has been clearly established and upheld. Cases such as *Matz* v. *Curtis Cartage Company,* 132 Ohio Estate [*sic*] 271 [8 O.O. 41] (1937) and *State* v. *Schrenckengost,* 30 Ohio Estate 33 [*sic*] [30 Ohio St. 2d 30] (1972) clearly established the rules and guidelines under which this authority may be granted by the legislature to the administrative agency. In reviewing this case, it is incumbent upon the Court to compare the code sections and regulations in question with the guidelines established to determine whether or not the statutes and regulations are indeed unconstitutional. In this case ORC 3721.03 is the enforcement provision under which the Director of Health can enforce the compliance with the statutes and regulations and revoke a license if necessary and ORC 3721.04 is the enabling section authorizing the public health council to promulgate rules and regulations governing the operation of homes defined in ORC 3721.01 and the standards which may be considered under the regulations. In comparing these regulations with the standards set forth in *Matz* v. *J. L. Curtis Cartage Company, intra* [*sic*] and *State* v. *Schrenckengost* intra, [*sic*] the Court finds that these statutes and regulations are constitutional and adequately channelized within banks that keep them from overflowing. See *Panama Refining Company* v. *Ryan,* 293 U.S. 388.

"The question then becomes whether or not though these statutes and regulations on their face are constitutional, do they remain constitutional in light of the operative facts set forth in this case? The law clearly states that a legislative act may be valid upon its face, but unconstitutional because of its operative effect upon a particular set of facts. *Belden* v. *United Central Life Insurance Company,* 143 Ohio Estate [*sic*] 329 [28 O.O. 295]. While in this light appellant contends that some of the regulations set forth individually if used as a basis for revoking a license could be unreasonable, the Court finds this not to be the case in this instance. The appellant in this case was found by the referee to be in violation of many of the regulations quoted by the director as a basis for proposed revocation of the appellant's license. While any one of these violations taken alone may not have been sufficient to form a basis for the license revocation, the violations taken together clearly established a practice which justified the action of appellee."

We agree with the reasoning of the trial court and find no merit to the issues raised by appellant in this assignment of error. This assignment of error is not well taken.

Appellant's third assignment of error is:

"The trial court erred in finding that appellant's motion for variance from the nurse staffing requirements of Rule 3701-17-08, O.A.C., pursuant to Rule 3701-17-34(B), O.A.C., was neither arbitrarily nor capriciously dismissed."

The hearing examiner indicated as follows in his report regarding appellant's request for variance made for the first time at the August 16, 1980, hearing:

"While I agree that Rule 3701-17-34(B), OAC, does not require a special form of proceeding for variance questions, I must read the function of the Hearing Officer in this particular matter as more limited than that suggested by Erie Care. It is true that the Hearing Officer in these proceedings sits for the Director of Health. However, the Hearing Officer's jurisdiction is limited by the assignment of the Director. The Hearing Officer does not sit on behalf of the Director with regard to all matters. In this case the Hearing Officer was assigned the specific task of conducting an adjudication hearing for a proposed license revocation. The Hearing Officer was not

assigned, or empowered, to accept or consider applications for variance from nurse staffing requirements under Rule 3701-17-34(B), OAC. Accordingly, without further considering the evidence submitted by Erie Care with regard to the variance request, I hold that the motion for a variance is overruled on the ground that consideration of that matter is outside the authority of this Hearing Officer as granted by the Director of Health."

The trial court found, based upon this reasoning of the referee, that the referee's action in refusing to hear appellant's motion for a variance was not arbitrary or capricious. We agree with the trial court that the action of the referee in refusing to hear appellant's motion for a variance from staffing requirements, made for the first time at the August 16, 1980, hearing, cannot be characterized as being either arbitrary or capricious. This assignment of error is not well taken.

Appellant's final assignment of error is:

"The trial court erred in finding that the hearing before the referee, which resulted in the revocation of appellant's nursing home license, was not a sham and afforded appellant due process of law."

This assignment of error is not well taken.

Upon our review of the record we agree with the trial court's determination which discloses that the hearing before the hearing examiner did not constitute a "sham" or deny defendant due process of law. The record discloses that the provisions of R.C. 119.09 were followed at this adjudication hearing.

On consideration whereof, this court finds substantial justice has been done the party complaining and judgment of the Erie County Court of Common Pleas is affirmed. Cause remanded to said court for execution of judgment and assessment of costs. Costs assessed against appellant.

*Judgment affirmed.*

POTTER, DOUGLAS and BARBER, JJ., concur.