WAHLE, APPELLANT, *v.* DEPARTMENT OF INDUSTRIAL RELATIONS, BOARD OF BUILDING STANDARDS, APPELLEE.

(No. 83AP-446—Decided December 29, 1983.)

*Mr. John J. Adams* and *Mr. Robert E. Hunter,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Ms. Lisa E. Pizza* and *Ms. Sara Salter Levy,* for appellee.

McCORMAC, J.    Albert C. Wahle's application for approval as a chief building official for the city of Kettering was denied by the Board of Building Standards of the Ohio Department of Industrial Relations ("board") on the basis that he lacked the five years' experience in the construction and design of buildings required by Ohio Adm. Code 4101:2-1-45(C) for approval to serve in that position.

The Franklin County Court of Common Pleas affirmed the order of the board, finding that the order was not unlawful, unreasonable, or against the manifest weight of the evidence, and that it was supported by reliable, probative and substantial evidence. The court further found that the board had not abused its discretion and that Ohio Adm. Code 4101:2-1-45(C) was a lawful exercise of quasi-legislative powers.

Wahle has appealed, asserting the following assignments of error:

"I. The Court below erred by affirming the order of the Board of Building Standards without a hearing.

"II. The Court below erred by applying an inappropriate standard of proof.

"III. The Court below erred in finding that OAC Section 4101:2-1-45(C) was a lawful exercise of legislative powers."

In his first and second assignments of error, appellant contends that the court of common pleas procedure and standard of review of the administrative appeal from the Board of Building Standards was contrary to law.

The order of the board denied approval of appellant's qualifications to serve as a chief building official of a local building department because the board determined that his qualifications did not fulfill the requirements set forth under Ohio Adm. Code 4101:2-1-45(C).

R.C. 119.12 provides for an appeal from the order, as pertinent, as follows:

"Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin County, * * *.

"* * *

"Unless otherwise provided by law, in the hearing of the appeal the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency.

"The court shall conduct a hearing on such appeal and shall give preference to all proceedings under sections 119.01 to 119.13 of the Revised Code, over all other civil cases, irrespective of the position of the proceedings on the calendar of the court. The hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action. At such hearing counsel may be heard on oral argument, briefs may be submitted, and evidence introduced if the court has granted a request for the presentation of additional evidence.

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, pro-

bative, and substantial evidence and is in accordance with law.* * *"

Appellant complains that the trial court erred in deciding the case on the record certified by the board, claiming that the board's record was incomplete because the board had not filed conclusions of fact as required by R.C. 2506.03(E). That contention is not well-taken since only the provisions of R.C. Chapters 119 and 3781 have application to an appeal from the Board of Building Standards. R.C. 2506.03(E) has no application.

Appellant further contends that the trial court erred in not allowing him to introduce or to proffer additional evidence. However, appellant did not request the court of common pleas to admit additional evidence, which was newly discovered, and could not have been ascertained with reasonable diligence prior to the hearing before the agency; there is no indication that such evidence exists.

Appellant also contends that the trial court erred in failing to allow him to be heard on oral argument. However, appellant failed to request an opportunity to present oral argument pursuant to Rule 47.02 of the Court of Common Pleas of Franklin County, General Division; therefore, appellant waived oral argument.

Appellant also contends that the trial court erred in affirming the order of the board on the basis that it is supported by reliable, probative, and substantial evidence and is in accordance with law, as stated to be the test in R.C. 119.12. Appellant argues that R.C. 3781.101 establishes the test that the court shall not affirm an order or rule of the board unless the preponderance of the evidence before it supports the reasonableness and lawfulness of such order or rule. However, R.C. 3781.101 refers to proceedings of the board in adopting, amending, or rescinding rules and regulations, including rules and regulations pertaining to building materials, industrialized units, plumbing, heating, or ventilating systems, or any other device, etc. R.C. 3781.101 also refers to R.C. 119.11, which was repealed effective September 30, 1976, because it purported to allow appeals from legislative actions rather than quasi-judicial actions. See *Rankin-Thoman, Inc.* v. *Caldwell* (1975), 42 Ohio St. 2d 436 [71 O.O.2d 411]. It is clear that R.C. 3781.101 is not applicable to the adjudication order under appeal in the instant case, but that it was only intended to pertain to appeals of rules and regulations.

The trial court applied the appropriate standard of proof and conducted the procedural hearing in accordance with the provisions of R.C. 119.12, which applied to the appeal herein.

Appellant's first and second assignments of error are overruled.

Appellant contends in his third assignment of error that the trial court erred in finding that Ohio Adm. Code 4101:2-1-45(C) was a lawful exercise of quasi-legislative powers.

Ohio Adm. Code 4101:2-1-45, entitled "Certification Requirements," provides, as pertinent, as follows:

"To qualify for certification, a municipal, township, or county building department shall conform to, and provide, as follows:

"* * *

"(B) The department shall have personnel qualified to execute the duties required to enforce OBBC [the Ohio Basic Building Code]. * * *;

"(C) Except as provided in paragraphs (B) and (D) of this rule, the building department shall have one person designated as the building official who shall be an architect or professional engineer registered in the state of Ohio, having at least five years of experience in building construction and design or a person having at least ten years of

experience in building construction, design, or inspection;

"(D) When a building department does not have an architect or professional engineer meeting the requirements of paragraph (C) of this rule as the building official, it shall have in its employ or under contract an architect or professional engineer registered in the state of Ohio having at least five years of experience in building construction and design. Such person shall examine all plans to determine compliance with OBBC and be available for other technical services to the department[.]"

Ohio Adm. Code 4101:2-1-45 was adopted by the board pursuant to R.C. 3781.10(E)(1), (2) and (5), which provide, as pertinent, as follows:

"The board of building standards shall:

"* * *

"(E) Certify municipal, * * * building departments to exercise enforcement authority and to accept and approve plans and specifications, and make inspections pursuant to sections 3781.03 and 3791.04 of the Revised Code.

"(1) Enforcement authority for approval of plans and specifications may be exercised, and plans and specifications approved on behalf of a municipal corporation, * * * by any of the following who meet the qualifications established by the board of building standards:

"(a) Officers or employees of the municipal corporation, * * *;

"* * *

"(2) Enforcement authority for inspections may be exercised, and inspections made on behalf of a municipal corporation, * * * by any of the following who meet the qualifications established by the board of building standards:

"(a) Officers or employees of the municipal corporation, * * *;

"* * *

"(5) The board of building standards shall adopt regulations governing:

"(a) The qualifications of building department personnel and of those employees of persons, firms, or corporations exercising authority pursuant to divisions (E)(1) and (2) of this section. * * *"

Thus, the General Assembly has granted the board authority to adopt regulations concerning the qualifications of personnel and employees of municipal building departments in order for municipal building departments to meet the requirements certified by the board to approve plans and specifications and make inspections pursuant to R.C. Chapter 3781. The board has the authority to deny a municipal building department the opportunity to enforce the Ohio Basic Building Code ("OBBC") as a certified department if the department does not have an employee who meets the qualifications established by the board for a chief building inspector.

Appellant is correct that the authority of the board is to evaluate municipal building departments for certification to exercise enforcement authority. However, exercise of that authority includes establishing qualifications of employees who may exercise that authority, a power specifically granted the board. R.C. 3781.10(E)(5)(a). While technically a municipal building department should request evaluation of an employee to ascertain if he meets the requirements of a person who can execute the duties required to enforce OBBC, the result is the same. The city of Kettering may employ appellant, or anyone it chooses, for any position, but the board may tell Kettering, and inferentially the employee, that the employee in question does not qualify as a person who may exercise enforcement authority.

The board is composed of twelve members pursuant to R.C. 3781.07, which sets forth with particularity the background and experience that each member is to have. The board is composed of persons of diversified training who are qualified thereby to determine and establish regulations governing the qualifications of local building department officials and employees in order for the local building department to be certified.

Legislation which confers upon a board the power to adopt regulations relating to the public health, safety, and welfare are valid and constitutional, although specific standards are not provided for guidance, where it is impossible or impracticable to provide such standards. *Matz* v. *J.L. Curtis Cartage Co.* (1937), 132 Ohio St. 271 [8 O.O. 41], paragraph seven of the syllabus; *State* v. *Schreckengost* (1972), 30 Ohio St. 2d 30 [59 O.O.2d 60]. As was within the legislature's discretion, it was determined that the experts selected by the board were best qualified to determine the qualifications of local building officials to enforce OBBC.

The record supports the board's finding that appellant did not have the requisite experience and that there is a valid basis to distinguish between the qualifications of an architect as opposed to that of an engineer based upon differences in academic training requirements. Further, it was reasonable for the board to discount appellant's experience with bridge and sewer construction and design work as not constituting experience in "building" construction.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and MOYER, JJ., concur.