### Wright
v.
### Butler County Sheriff
[Cite as 7 AOA 559]

*Case No. CA89-11-154*
*Butler County, (12th)*
*Decided September 4, 1990*

*Timothy R. Evans and Hillary G. Miller, Holbrock & Jonson Law Firm, 315 South Monument Avenue, Hamilton, Ohio 45011, for Plaintiff- Appellee.*

*Douglas E. Duckett, Butler County Administrative Center, 130 High Street, Hamilton, Ohio 45011, for Defendant-Appellant.*

*Per Curiam.*

This is an appeal by defendant-appellant, Butler County Sheriff, from a decision by the Butler County Court of Common Pleas modifying an order of the State Personnel Board of Review.

The facts in this case are essentially uncontested. As a Butler County Deputy Sheriff, plaintiff-appellee, Timothy R. Wright, worked "special duty" assignments. On September 11, 1988, Wright's extra duty detail involved working at the Butler County Fairgrounds with other off-duty officers. Upon completion of their duty, the officers were invited to stay on the grounds and attend a small party with approximately forty guests. During the party, an unknown female approached Wright at the suggestion of an officer from the Butler County Sheriff's Department, pulled down the zipper of his pants and performed fellatio.

As a result of this incident, Robert Walton, who was at that time the sheriff of Butler County, ordered Wright to appear before him for a pre-disciplinary hearing September 30, 1988. After considering the charges and Wright's response thereto, the sheriff dismissed Wright for immoral conduct, malfeasance and other failure of good behavior under R.C. 124.34. Following his dismissal, Wright appealed to the State Personnel Board of Review (hereinafter "board of review"). The administrative law judge's report and recommendation found Wright a blameless victim in the incident and recommended the removal order be disaffirmed and Wright reinstated. The sheriff appealed to the entire board of review which, in an opinion dated February 21, 1989, rejected the administrative law judge's report and recommendation and affirmed the sheriff's disciplinary measure.

Wright appealed the final order of the board of review to the Butler County Court of Common Pleas. In an opinion dated September 12, 1989, the court modified the order of the board of review to a one-year suspension without pay after determining that the ruling of the board of review was not supported by reliable, probative and substantial evidence. In conclusion, the court held the penalty imposed to be unduly harsh since the board of review did not read the transcript of the proceedings.

The Butler County Sheriff's Department appealed in a timely manner and submits the following assignment of error:

"THE COURT BELOW ERRED IN MODIFYING THE DISCIPLINARY PENALTY IMPOSED BY APPELLANT AND AFFIRMED BY THE STATE PERSONNEL BOARD OF REVIEW."

Specifically, the sheriff's department contends that the court of common pleas erred in substituting its judgment for that of the board of review and that a decision of the board of review supported by evidence must be affirmed.

To begin, R.C. 119.12 of the Administrative Procedure Act governs the procedure of appealing from an order of an administra- tive agency to the court of common pleas. Specifically, R.C. 119.12 provides:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law."

This provision of R.C. 119 has been interpreted to mean that an order of the board on appeal to the court of common pleas must be affirmed if supported by reliable, probative and substantial evidence. *Western Reserve Psychiatric Hospital v. Knight* (1980), 69 Ohio App. 2d 108.

Furthermore, the Ohio Supreme Court has held that substitution of judgment by a court reviewing a board order for that made by the board is impermissible "if there is some evidence supporting the board's resolution." *Pushay v. Walter* (1985), 18 Ohio St. 3d 315. As a result, when a court of common pleas reviews an administrative agency's decision, it "must give 'due deference' to the administrative agency's resolution of evidentiary conflicts *** and may not blatantly substitute its judgment for that of the agency." *Harvey v. Civil Service Commission of Cincinnati* (1985), 27 Ohio App. 3d 304, 306.

Our inquiry focuses on the decision of the board of review and whether it is supported by reliable, probative and substantial evidence. It is important to note that both the administrative law judge and the board of review based their decisions upon the same findings of fact, thus the decisions were devoid of evidentiary conflicts. The only difference is the conclusion each derived from the facts. While the administrative law judge found Wright to be the helpless victim of a superior officer's hoax, the board of review chose to hold Wright accountable for his actions.

In its opinion, the board of review initially remarked that any law enforcement officer would have arrested Wright that evening for public indecency. Furthermore, the board of review noted Wright's conduct "was 'viewed by' and was an 'affront to others.' He exposed his private parts and engaged in sexual conduct, however brief. When police officers commit crimes, they forfeit their jobs."

The board of review's reasoning is in accord with the Ohio Supreme Court's recent decision in *Jones v. Franklin County Sheriff* (1990), 52 Ohio St. 3d 40. In affirming a trial court's decision dismissing a deputy sheriff for-vigilante activities, the supreme court emphasized the public policy of holding police officers to a higher standard of care. Specifically, it held:

"Law enforcement officials carry upon their shoulders the cloak of authority of the state. For them to command the respect of the public, it is necessary then for these officers even when off duty to comport themselves in a manner that brings credit, not disrespect, upon their department." *Id.*, at 43.

As an administrative agency, the board of review is empowered under R.C. 124.03 to "[h]ear appeals *** of employees in the classified state service from final decisions of appointing authorities *** relative to *** discharge ***." In reaching its decision, an agency or board is not obliged to rubber-stamp a decision reached by an administrative law judge. Instead, the agency is permitted to approve, modify or disapprove the recommendation of the referee or examiner. *Erie Care Center, Inc. v. Ackerman* (1982), 5 Ohio App. 3d 102. As a result, we conclude that the board of review acted within its power in disapproving Wright's reinstatement.

The evidence elicited from members of the Butler County Sheriff's Department who were present the night of the incident unequivocally established that Wright's performance occurred at a gathering in the presence of a group of people where police attendance was easily recognizable. Thus, the decision of the board of review is supported by reliable, probative and substantial evidence.

Nevertheless, the court of common pleas chose to modify the order of the board of review after declaring the penalty imposed to be unduly harsh. The court's decision did not cite any illegalities in the evidence but rather disagreed

with the board of review's policy decision. Such a decision exceeded the scope of the court's authority.

Wright contends, however, that the board of review's ruling is invalid because it rejected the administrative law judge's recommendation without an independent review of the transcripts of the proceedings. R.C. 119.09 deals with the procedures involved in an agency adjudication hearing, and in pertinent part provides:

"*** The recommendation of the referee or examiner may be approved, modified, or disapproved by the agency, and the order of the agency based on such report, recommendation, transcript of testimony and evidence, or objections of the parties, and additional testimony and evidence shall have the same effect as if such hearing had been conducted by the agency."

In interpreting this portion of R.C. 119.09, the Hamilton County Court of Appeals rejected a claim that board members are required to read the transcript of the hearing prior to its decision. *Lies v. Ohio Veterinary Medical Board* (1981), 2 Ohio App. 3d 204, 210. Noting that the plain language of R.C. 119.09 does not impose such a duty on a board, the court inquired into the meaning of the phrase "based on" in the statute. It held:

"*** [T]he institutional (organizational) decision made by an administrative board may properly be based on written findings of fact prepared by a hearing examiner ***, so long as the findings of fact constitute a basis for making informed, deliberate, and independent conclusions about the issues, and the board members need not read the entire transcript of testimony in the absence of any affirmative demonstration that the findings of fact are in any way defective."

In the present case, the board of review did not challenge or dispute the administrative law judge's findings of fact. In fact, the events at the Butler County Fairgrounds that night are largely uncontested. Instead, the board of review in an exercise of its power under R.C. 124.03 rendered an informed, deliberate and independent conclusion on the basis of the findings of fact. Absent defects in the findings of fact, the board of review's decision will not be rendered invalid simply because it did not review the transcript of the hearing before altering the administrative law judge's recommendation.

As a result, we find that the court of common pleas improperly substituted its judgment for that of the board of review. Therefore, the Butler County Sheriff's assignment of error is well taken.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed.

JONES, P.J., HENDRICKSON and YOUNG, J.J., concur.