COPELAND CORPORATION, APPELLEE, *v.* OHIO DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF FACTORY AND BUILDING INSPECTION, APPELLANT, ET AL.

(No. 17-86-7—Decided August 22, 1988.)

*Sebaly, Shillito & Dyer, Jon M. Sebaly* and *James A. Dyer,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Laurel D. Blum,* for appellant Divison of Factory and Building Inspection.

SHAW, J. This is an appeal by the defendant-appellant, Division of Fac-

tory and Building Inspection, Ohio Department of Industrial Relations ("the division"), from a judgment entered in the Court of Common Pleas of Shelby County, reversing an order of the Board of Building Appeals.

In 1985, the plaintiff-appellee, Copeland Corporation ("Copeland") twice submitted plans to the division for approval of additions to its existing facility located in Sidney, Ohio. It is the second set of plans which is the subject of this appeal. However, the first set of plans and the proceedings following their submission are relevant to the instant case.

The first set of plans pertained to an office addition at the Copeland facility. In June 1985, the division issued an adjudication order rejecting the office addition plans. The division refused to approve the plans submitted by Copeland without a number of alterations being made to the existing facility. Copeland appealed the adjudication order to the Board of Building Appeals. The board upheld the stop work order issued by the division. Copeland then appealed the board's order to the Shelby County Court of Common Pleas. The court reversed the board's order, concluding that the division's requirements that Copeland install smoke detectors in the entire buiding and convert an existing stairwell were unlawful. The court also reversed on the additional procedural ground that the board had failed to certify its record of proceedings to the court as required by R.C. 119.12.

In June 1985, while the proceedings concerning the first set of plans were pending, Copeland submitted a second set of plans to the division for another addition to its Sidney, Ohio, facility. The second addition was to serve as an engineer research office. On July 26, 1985, the division issued an adjudication order rejecting the research addition plans. Copeland ap-

pealed the adjudication order to the Board of Building Appeals. Following an administrative hearing, the board granted Copeland variances on several deficiencies identified in the division's adjudication order. However, the board entered an order upholding the division's requirements that Copeland make modifications to the existing building by the addition of certain corridors, sprinkler systems and a change in the smoke and ventilation system. Copeland again appealed the board's order to the Shelby County Court of Common Pleas.

On December 16, 1985, the court of common pleas held an evidentiary hearing on Copeland's appeal. Subsequently, on January 27, 1986, an "Entry and Order" was filed in the common pleas court reversing the board's decision. The court held that the division's requirements for additional corridors, installation of sprinkler systems and modification of heat and smoke ventilation systems in Copeland's existing plant were unlawful and would work an unnecessary hardship upon Copeland in that the public safety and welfare were assured without such modifications.

It is from this order of the court that the division appeals and sets forth the following assignments of error:

"I. The court of common pleas erred in concluding that those portions of the decision of the Board of Building Appeals requiring Copeland to modify or install corridors, a sprinkler system, and smoke and heat vents were unlawful.

"II. In reaching its decision in the present case the court of common pleas improperly relied upon an earlier decision which was not *res judicata* between the parties."

Under its first assignment of error, the division argues that the lower court erred in its application of the standard of review governing appeals

from orders of the Board of Building Appeals. The division first contends that the lower court misapplied R.C. 3781.031 by imposing the "burden of proof" on the division to uphold the reasonableness and lawfulness of the board's order.

R.C. 3781.031 sets forth the standard of judicial review governing administrative appeals from the Board of Building Appeals. It provides in pertinent part:

"Notwithstanding the provisions of Chapter 119. of the Revised Code relating to adjudication hearings * * * a party adversely affected by an order issued following such adjudication hearing may appeal to the court of common pleas of the county in which he is a resident or in which the premises affected by such order is located; the court in such case shall not be confined to the record as certified to it by the agency but any party may produce additional evidence and the court shall hear the matter upon such record and such additional evidence as is introduced by any party; and *the court shall not affirm the order of the agency unless the preponderance of the evidence before it supports the reasonableness and lawfulness of such order * * *.*" (Emphasis added.)

The plain language of R.C. 3781.031 clearly requires the *division* to establish by a "* * * preponderance of the evidence * * * the reasonableness and lawfulness * * *" of the board's order. Accordingly, we conclude that in the court of common pleas the burden was upon the division to establish the reasonableness and lawfulness of the board's order.

The division next contends that the court of common pleas exceeded its scope of judicial review and improperly substituted its judgment for that of the Board of Building Appeals. The division argues that an administrative appeal is not to proceed as a trial *de novo*

and consequently a reviewing court is not permitted to substitute its judgment for that of the agency below. The division further contends that because the court of common pleas exceeded its scope of review, the judgment of the court must be reversed.

R.C. 119.12 provides in pertinent part:

"Unless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency. * * *

"The court shall conduct a hearing on such appeal * * *. The hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action. At such hearing, counsel may be heard on oral argument, briefs may be submitted, and evidence introduced if the court has granted a request for the presentation of additional evidence."

The Supreme Court of Ohio has held that while an administrative appeal to the court of common pleas cannot be a trial *de novo,* R.C. 119.12 does permit a limited substitution of judgment by the reviewing court. *Univ. of Cincinnati* v. *Conrad* (1980), 63 Ohio St. 2d 108, 17 O.O. 3d 65, 407 N.E. 2d 1265. In addition, the court in *Conrad, supra,* noted that:

" "* * * [I]f the General Assembly had intended the appeal provision to afford a trial *de novo,* the court would be required to hear all material, relevant and probative evidence which either party might desire to present. * * *" *Id.* at 110, 17 O.O. 3d at 67, 407 N.E. 2d at 1267, citing *Andrews* v. *Bd. of Liquor Control* (1955), 164 Ohio St. 275, 279-280, 58 O.O. 51, 53, 131 N.E. 2d 390, 393.

R.C. 3781.031 provides that a reviewing court "* * * shall not be confined to the record as certified to it by the agency but any party may produce

additional evidence and the court shall hear the matter upon such record and such additional evidence as is introduced by any party * * *."

Although a hearing before the court of common pleas pursuant to R.C. 3781.031 is not *de novo,* it in fact resembles a *de novo* proceeding. Clearly, the function of a court of common pleas in an R.C. 3781.031 appeal differs substantially from that of appellate courts in other contexts. *Cincinnati Bell, Inc.* v. *Glendale* (1975), 42 Ohio St. 2d 368, 71 O.O. 2d 331, 328 N.E. 2d 808.

This court is permitted to review and determine the correctness of the judgment of the common pleas court. However, our inquiry is limited to a determination of whether, as a matter of law, there did exist a preponderance of evidence to support the reasonableness and lawfulness of the board's order. Our function does not involve a determination as to the weight of the evidence. *In re Annexation of 1,544.61 Acres* (1984), 14 Ohio App. 3d 231, 14 OBR 259, 470 N.E. 2d 486.

Applying these general principles to the instant case, we believe that the court of common pleas utilized the appropriate scope of review in reversing the order of the board. R.C. 119.12 grants broad authority for the court to treat the administrative appeal as a civil trial. R.C. 3781.031 provides wide latitude for the common pleas court to exercise its independent judgment. Hence, under R.C. 119.12 and 3781.031, the common pleas court may properly enter an order contrary to that of the Board of Building Appeals.

We have reviewed the testimony that was adduced at the administrative hearing and in the common pleas court. The record reveals that the division offered testimony that the proposed addition of thirteen thousand square feet would create a hazard in the existing building as a result of additional space, additional fuel and additional people. Copeland presented evidence from various sources that the existing building was safe and did not present any risk of harm to the public or occupants of the building. Copeland also offered evidence that the existing building was periodically examined for fire violations. In addition, evidence was presented that, in the earlier office addition case, the division stipulated to the safety of the existing building. The division offered no evidence to rebut its earlier stipulation. Based on our review of the record, we cannot conclude, as a matter of law, that a preponderence of the evidence supports a finding that the board's order was reasonable and lawful.

We hold that the court of common pleas was correct in its application of the standard of judicial review. Accordingly, the division's first assignment of error is not well-taken and is overruled.

Under its second assignment of error, the division contends that the court of common pleas improperly relied upon its decision in the office addition case in reaching its decision in the instant case. The division argues that, as the earlier case was not *res judicata* between the parties, the lower court erred in treating it as dispositive of the instant case.

Our review of the record does not support the division's assertion that the common pleas court treated the earlier decision in the office addition case as *res judicata* in the instant case. The court certainly used the earlier decision as a point of reference for making a determination as to whether the research addition would create a hazardous or unsafe condition at Copeland's existing facility. However, the court did not refuse to hear the issue of safety on the grounds that the issue had been previously litigated. On the contrary, the court clearly afforded

the division the opportunity to offer evidence challenging the earlier referenced decision.

"THE COURT: But now we have a research building, 13,000 square feet and we have the same issues that were involved in the office addition. So you, in effect are saying to me well, fine: [addition number] one we didn't pay any attention to; [addition number] two, we accept your ruling; [addition number] three, there's too much—too many more buildings here, too much building. This does create a public safety and hazardous situation. *I say fine, give me some proof.*" (Emphasis added.)

Expert witnesses on behalf of Copeland and the division testified as to conditions at the facility. The witnesses on behalf of the division testified that their opinions regarding safety conditions at the Copeland facility were not based upon an on-site inspection of the facility. The court found that the division's proffered testimony in this regard was insufficient to establish that the research addition would create unsafe conditions in Copeland's existing facility.

We conclude that the common pleas court did not treat the earlier decision as *res judicata.* Accordingly, the division's second assignment of error is not well-taken and is over-ruled.

On June 24, 1986, Copeland filed a motion to dismiss this appeal on the grounds that this court lacks subject matter jurisdiction. Copeland also contended that the issues raised herein are moot and that the division is precluded from bringing this appeal both on the grounds of promissory estoppel and its failure to raise errors in the common pleas court that it now raises on appeal. We overruled Copeland's motion to dismiss. We granted a subsequent motion by Copeland to supplement its appellate brief with the nonjurisdic-tional issues argued in its motion to dismiss. We have considered the issues raised by Copeland in its motion to dismiss and conclude that, in view of our findings on the division's assignments of error, the issues so raised are moot and therefore will not be passed upon by this court.

Based on the foregoing reasons, the division's assignments of error are overruled and the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

Miller, P.J., and Evans, J., concur.