OPINION
This is an appeal by appellants, Emanuel and Irene Sergakis, from a judgment of the Franklin County Court of Common Pleas affirming a decision of the Ohio Board of Building Appeals ("OBBA") to deny a variance request as to the ceiling height in the basement dwelling units of certain real property owned by appellants.
Appellants own a parcel of real estate located at 1665 North Fourth Street, Columbus, Ohio, upon which a residential structure used as a rooming house is constructed. In 1976, appellants obtained a building permit from the city of Columbus ("city") to partition the basement of the building in order to create dwelling units. A city building inspector gave final approval on the permit indicating that the work had been completed. Since that time, the property has been licensed and continuously occupied as a rooming house. It is undisputed that the ceiling height in the basement dwelling units is five feet, eleven inches.
On November 26, 1996, Tom Kurelic, a building inspector employed by the city's Regulations Division, Department of Development and Trade, conducted an inspection of the premises, which revealed that the basement dwelling units do not meet the required minimum ceiling height for habitable spaces of seven feet, six inches, as set forth in Section 1204.1 of the Ohio Basic Building Code ("OBBC"). Pursuant to this inspection, the city issued adjudication order B9610322, which required appellants to bring the building to minimum code compliance. Appellants appealed the adjudication order to the OBBA pursuant to R.C.3781.19, seeking a variance from the OBBC ceiling height requirement so as to permit basement occupancy.
At the hearing before the OBBA, appellants, through counsel, stated that the basement has been occupied as a rooming house since 1976. However, appellants admitted that the ceiling height in the basement is only five feet, eleven inches and does not meet the required minimum height of seven feet, six inches. Following the hearing, the OBBA issued a decision upholding the adjudication order and denying the variance.
Appellants appealed the OBBA's decision to the Franklin County Court of Common Pleas. Appellants filed a motion for summary judgment, arguing that even though the ceiling height in the basement does not meet the OBBC minimum requirement for occupancy, they were entitled to a variance from the requirement because the city "ratified the ceiling height and * * * approved the basement dwelling" by issuing the building permit in 1976 and rooming house license since 1976. Appellants argued that these actions now estop the city from enforcing the OBBC minimum ceiling height requirement. In support of the motion, appellants attached a copy of the transcript of the proceedings before the OBBA; the affidavits of Emanuel Sergakis and Michael Sergakis,[1] both of whom averred that the property has been continuously licensed as a rooming house since 1976 and that occupancy of the basement was "open and obvious" to city rooming house license inspectors; and a copy of adjudication order B9610322.
The city filed a reply to appellant's summary judgment motion and a cross-motion for summary judgment. The city argued that it is not estopped from enforcing the ceiling height requirement because: (1) the building inspector who approved the 1976 building permit did not have the authority to give such approval because the building was noncode compliant; and (2) the mere issuance of rooming house licenses over the years did not connote a status of compliance with all applicable building codes because the requirements under the housing code and building code are different and because housing inspectors who conducted the rooming house license inspections had neither the training nor the qualifications to identify OBBC violations. Attached in support of the city's motion is the affidavit of Tom Kurelic, the city building inspector who conducted the November 26, 1996 inspection of appellants' property; wherein he attested that since 1965, the OBBC's minimum ceiling height requirement for habitable rooms has been seven feet, six inches. Attached to Mr. Kurelic's affidavit is a copy of Table BB-27-13 of the 1965 OBBC, setting forth the minimum ceiling height for habitable spaces as seven feet, six inches.
Upon review of the record, it appears that the court did not rule upon the parties' motions for summary judgment. The parties submitted briefs on the identical issues raised in their motions for summary judgment. By decision dated October 7, 1998, the court affirmed the OBBA's decision to deny the variance and uphold the adjudication order, finding that "there is no estoppel as it is patent that a building or housing inspector has no authority to waive by action or inaction the applicable building code provisions." The decision was journalized by entry dated February 10, 1999. Appellants have timely appealed the court's judgment, and advance three assignments of error, as follows:
 [1.] The Trial Court erred by failing to apply the law to the facts of the case.
 [2.] The Trial Court erred by finding that Appellants' [sic] should not be granted a variance in regards to the ceiling height of the basement dwelling units.
 [3.] The Trial Court erred by finding that a municipal agency could not be estopped from enforcing regulations.
R.C. 3781.19 establishes the OBBA, which is the administrative agency granted the authority to adjudicate certain matters arising under the Revised Code chapters dealing with building standards and inspections. R.C. 3781.19 specifically grants the OBBA the authority to reverse or modify an order of an enforcing agency after conducting an adjudication hearing. The statute further provides that the OBBA may grant a variance from the standards required by the OBBC. Prior to granting the variance, however, the board must find that the variance "will not be contrary to the public interest where a literal enforcement of such provisions will result in unnecessary hardship." R.C.3781.19.
While R.C. 119.12 provides generally for appeals from state administrative agencies, R.C. 3781.031 provides specifically for review of OBBA decisions, requiring that the common pleas court "shall not affirm the order of the agency unless the preponderance of the evidence before it supports the reasonableness and lawfulness of such order." R.C. 3781.031 also provides that a reviewing court "shall not be confined to the record as certified to it by the agency but any party may produce additional evidence and the court shall hear the matter upon such record and such additional evidence as is introduced by any party." See, also, Copeland Corp. v. Ohio Dept. of Indus.Relations, Div. of Factory and Bldg. Inspection (1988), 53 Ohio App.3d 23,26.
While the common pleas court cannot substitute its judgment for that of the OBBA on factual issues upon which reasonable minds could differ, it must review all the evidence presented to determine whether the greater weight of the evidence supports the reasonableness and lawfulness of the OBBA's action.Ridenhour v. Ohio State Bd. of Bldg. Appeals (Nov. 13, 1984), Franklin App. No. 84AP-07, unreported (1984 Opinions 2839, 2842).
The common pleas court's review of the evidence necessarily involves the exercise of a broad measure of discretion. As a result, this court's review of the common pleas court's decision is limited to a determination of whether that court abused its discretion in rendering its decision. Id. An abuse of discretion is more than an error of judgment; it implies that the court's decision was unreasonable, arbitrary, or capricious. Id.
As appellants' assignments of error are interrelated, we will address them together. Appellants first argue that no evidence was presented as to the OBBC ceiling height requirement in 1976, when the basement dwelling units were partitioned. By this argument, appellants seem to suggest that the basement dwelling units, with a ceiling height of five feet, eleven inches, may have been in compliance with OBBC regulations in 1976. Upon review of the record, however, we find that the evidence does not support such an argument. As noted previously, the city attached to its motion for summary judgment the affidavit of Tom Kurelic, a city building inspector, who attested that the OBBC's minimum ceiling height requirement has been seven feet, six inches since 1965. Attached to the affidavit is a copy of OBBC's 1965 Table BB-27-13, setting forth the minimum ceiling height as seven feet six inches. Appellants presented no evidence to suggest that the minimum ceiling height requirement in 1976 was anything other than seven feet, six inches.
Appellants next argue that even if the minimum ceiling requirement was seven feet six inches at the time the basement dwelling units were created in 1976, the city should be estopped from enforcing that requirement because the city approved the partitioning of the basement in 1976 and continued to issue rooming house licenses.
The elements necessary to establish a claim for equitable estoppel are stated in Andres v. Perrysburg (1988),47 Ohio App.3d 51:
 Four prima facie elements which the plaintiff must set forth are: (1) that the party knowingly made a false representation or concealment of a material fact (or at least took a position contrary to that now taken); (2) that the representation must be made in a misleading manner with the intention or expectation that another would rely on it to act; (3) that the plaintiff actually relied on the representation; and (4) that plaintiff relied to his detriment so much that unless the party is estopped from asserting the truth or a contrary position, plaintiff would suffer loss. * * * [Id. at 56.]
It appears that appellants have established all four elements necessary to a claim for equitable estoppel. The basement was partitioned for dwelling units pursuant to a building permit issued by the city in 1976, and the units have been occupied pursuant to rooming house licenses issued by the city since that time. The city has now taken a contrary position by attempting to enforce the OBBC's minimum ceiling height requirement and ordering appellants to bring the building to minimum code compliance. The city must have expected that appellants would rely upon the issuance of the building permit and rooming house license. Indeed, in reliance thereon, appellants created the partitions, maintained the dwelling units, and permitted them to be occupied. If the ceiling height requirement is enforced and the requested variance is denied, appellants may incur additional expense in bringing the units into compliance with the OBBC, or, if appellants choose not to make the necessary improvements, they may suffer a loss of income and diminution of the property value if they can no longer utilize the basement for dwellings.
The city does not challenge appellants' equitable estoppel claim on the ground that appellants have failed to establish the necessary elements. Instead, the city argues that, since issuance of the building permit and rooming house licenses were not legally authorized, the doctrine of equitable estoppel is not available to appellants.
It is well-established that the principle of equitable estoppel may be applied against a municipality under certain circumstances. Whiteco Metrocom, Inc. v. City of Columbus
(1994), 94 Ohio App.3d 185, 192. When a municipality acts within the scope of its authority, the doctrine can be invoked against the municipality. Id. However, it is also well-established that the doctrine of equitable estoppel does not apply where the subject matter involved is ultra vires, illegal, or malum prohibitum. Id. Furthermore, "a municipality will be bound only by the representations authorized to be made by its officers and agents." Id. In other words, estoppel applies against a municipality if the city official or agent who issued the permit or license was authorized to do so, and the issuance of the permit or license was not illegal at the time.
As stated above, evidence in the record establishes that the ceiling height in the basement dwelling units never met the OBBC minimum requirement of seven feet six inches. Thus, the actions of those city officials who approved the building permit and/or issued the rooming house licenses were illegal. Since those actions were outside the scope of their authority, the city is not now estopped from enforcing the OBBC minimum ceiling height requirement.
The purpose of the OBBC is to insure the safety of buildings for their intended use and occupancy. Ohio Adm. Code4101:2-1-05. In the instant case, the OBBA found that the basement dwelling units did not comply with minimum building code requirements as to ceiling height. In affirming the adjudication order and denying the variance, the OBBA essentially concluded that permitting a dwelling unit to have a lower ceiling height than that required by the OBBC would be contrary to the public interest. The common pleas court determined that a preponderance of the evidence supported the reasonableness and lawfulness of the OBBA's order. We find no abuse of discretion in the trial court's judgment.
For the foregoing reasons, all three of appellants' assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
TYACK and DESHLER, JJ., concur.
[1] In his affidavit, Michael Sergakis identifies himself as the "land installment purchaser" of the property at issue.