DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Highland County Court of Common Pleas, which affirmed the Ohio Board of Building Appeals' decision upholding two adjudication orders against Plaintiff-Appellant E. Don Wilson.
Appellant owns several pieces of property in Greenfield, Ohio, including a house at 651-653 Jefferson Street and two buildings at 502-518 Pine Street. The Jefferson Street property consists of a house that has been divided into separate apartment units. The Pine Street property consists of two buildings, each of which is divided into two apartment units. A distance of fourteen and one-half inches separates the two buildings at the Pine Street property. At one time, aluminum siding covered this small gap so the two buildings appeared to be a single structure, although the appellant testified in the trial court that this siding had since been removed.
In July 1997, Greenfield Fire Chief Steve Campbell requested that Anthony Gibbs of the Ohio Department of Commerce, Division of Industrial Compliance, inspect the appellant's property. On July 9, 1997, Gibbs and Warren Conley, an electrical and safety supervisor, inspected both the Jefferson Street and the Pine Street properties. During the course of the inspection, Gibbs and Conley discovered and photographed a number of structural, plumbing and electrical problems at both properties which they believed made the buildings unsafe.
Based on the inspection by Gibbs and Conley, the Division of Industrial Compliance issued Adjudication Order Nos. 083-97 and 084-97, which required the appellant to correct the problems at both properties. Appellant appealed to the Ohio Board of Building Appeals, which upheld the adjudication orders. Appellant then appealed to the Highland County Court of Common Pleas. The Highland County Court of Common Pleas held a hearing on August 28, 1998, at which the appellant disputed the state's jurisdiction to enforce its regulations against his property. The Highland County Court of Common Pleas affirmed the Board of Building Appeals and the appellant filed a timely notice of appeal to this court.
Appellant presents the following assignments of error for our review:
 I. THE TRIAL COURT ERRED TN AFFIRMING THE ADJUDICATION ORDER OF THE BOARD OF BUILDING APPEALS OF THE STATE OF OHIO, WHEN THE STATE OF OHIO DID NOT HAVE JURISDICTION OVER THE APPELLANT UNDER O.R.C. 3781.06.
 II. THE TRIAL COURT ERRED IN ADMITTING PHOTOGRAPHS OF THE ENTIRE PINE STREET FACILITY WHEN ONLY THE 518 PINE STREET APARTMENT WAS AT ISSUE IN THIS CASE.
 I.
Appellant first challenges the jurisdiction of the Division of Industrial Compliance to enforce the provisions of the Ohio Basic Building Code [hereinafter OBBC] against him. The Board of Building Standards is authorized by R.C. 3781.10 to adopt rules and regulations establishing safety requirements for buildings throughout the state. However, R.C. 3781.06 exempts single-family, two-family and three-family houses from those rules. Appellant claims that he has never had more than three families living at either property, so R.C. 3781.06 prevents the state from enforcing its regulations against him.
As the appellee argues, the relevant inquiry under R.C. 3781.06
is not the number of families actually living in a building, but rather the number of families that the building is designed to accommodate. A dwelling house equipped with four separate apartments is not a three-family house merely because one of the apartments is vacant. Under appellant's reading of R.C. 3781.06
the state's authority to regulate a given apartment building would fluctuate as tenants moved in and out. This clearly is not the intention behind the statute.
Although the appellant's argument concerning the number of tenants his buildings house is misplaced, the appellant also argued in both the Board of Building Appeals and the Highland County Court of Common Pleas that the buildings at the Jefferson Street and Pine Street properties are designed as two and three-family houses. Both the Board and the court rejected this contention.
A common pleas court may affirm a decision by the Board of Building Appeals only if the court finds that the Board's order is both reasonable and lawful and that the order is supported by a preponderance of the evidence. R.C. 3781.031. The common pleas court may hear new evidence and its procedure is similar to a denovo review, although, strictly speaking, its standard of review is not de novo. Copeland Corp. v. Ohio Dept.of Indus. Relations, Div. of Factory and Bldg. Inspection
(1988), 53 Ohio App.3d 23, 557 N.E.2d 813. We review the common pleas court's decision under an abuse of discretion standard.Ridenhour v. Ohio State Bd. of Bldg. Appeals (Nov. 13, 1984), Franklin App. Nos. 84AP-07, 84AP-34, unreported.
Appellant claims that Gibbs arbitrarily determined that four families lived at the Jefferson Street property. Gibbs, however, testified at the trial court hearing that he inspected four separate apartment units and talked to four separate residents at the Jefferson Street property. Gibbs also testified that he was unable to inspect a fifth unit because the door was padlocked. In addition, the state submitted a photograph of the Jefferson Street property that showed five individual water meters for the building.
Gibbs' determination that the Jefferson Street property contained more than three separate apartments was not arbitrary. His testimony, along with that of Conley, establishes by a preponderance of the evidence that the Jefferson Street property included at least four, and possibly five, apartment units. Therefore, we find that the trial court did not abuse its discretion when it found that the Jefferson Street property is a four to five-family dwelling that is subject to regulation by the state under R.C. 3781.06.
The trial court's finding with respect to the Pine Street property is more problematic. Appellant testified that there are two separate buildings on the Pine Street property and each building is equipped to accommodate no more than two families. Appellant argues that, in the ordinary sense of the word, there are two "buildings" on the Pine Street property. According to the appellant's testimony, however, these buildings are no more than fourteen and one-half inches apart. At the time of the inspection, the buildings were also joined together by siding, which gave the appearance that the two buildings were one.
Appellee argues that two buildings in such close proximity are treated as one building for purposes of the building code. Appellee bases its argument on OBBC Section 202.0 (Ohio Adm. Code4101:2-2-02), which defines "building" as "[a]ny structure occupied or intended for supporting any occupancy." For purposes of the building code, "each portion of a building which is completely separated from other portions by fire walls complying with Section 707.0 shall be considered as a separate building."Id. This section permits one building to be treated as two if a proper firewall is installed. Appellee argues that OBBC Section 202.0 should also require two closely situated buildings to be regulated as one building if there is no firewall.
The trial court agreed with the appellee and found that the appellee may treat the Pine Street property as one building for purposes of safety regulations because of the close proximity of the buildings and the absence of any firewall. We do have certain reservations concerning whether the trial court's reasoning was correct. We are unable to find a specific provision of either the Revised Code or the OBBC that supports the appellee's position that the Pine Street property is a single building for regulatory purposes. Nevertheless, we are persuaded that, under the particular circumstances of this case, the trial court did not abuse its discretion in finding that the Pine Street property may be regulated as one building.
In contrast to the OBBC, the Revised Code defines a building as "any structure consisting of foundations, walls, columns, girders, beams, floors, and roof, or a combination of any number of these parts, with or without other parts or appurtenances." R.C. 3781.06. Under this broad definition, two structures that might otherwise be considered separate buildings constitute a single building if they have any of these structural elements in common. In the instant case, common siding joined the outer walls of the Pine Street property buildings at the time of the inspection. The buildings were still physically joined together by the siding at the time of the hearing before the Board of Building Appeals.
No specific provision of either the Revised Code or the OBBC permits the appellee to regulate two otherwise exempt buildings merely because they are closely situated and they are not separated by a firewall. In the instant case, however, the fact is that the buildings on the Pine Street property were physically joined by common siding on the day of the inspection by Gibbs and Conley. This fact enabled the appellee to reasonably conclude that there was only one building, consisting of four apartment units, on the Pine Street property. At that point, the appellee had jurisdiction to regulate the buildings. Appellant could not divest appellee of its jurisdiction, and avoid his obligation to remedy any deficiencies that existed at the time of the inspection, by the simple expedient of removing the siding that connected the two structures and declaring the buildings to be separate.
We find that, under these particular circumstances, the trial court did not abuse its discretion by finding that the Pine Street property consists of a single building for purposes of the OBBC, and that the appellee has jurisdiction to enforce Adjudication Order Nos. 083-97 and 083-98 against that property. We should also emphasize that our finding is based on the unique facts of this particular case, is limited thereto, and should not be otherwise construed.
The appellant's First Assignment of Error is OVERRULED.
 II.
Appellant also argues that the trial court erred when it permitted the appellee to introduce photographs of the Pine Street property into evidence when both Gibbs and Conley testified that they could not identify which of the Pine Street apartments each photograph depicted. Appellant asserts that the adjudication orders in this case only covered the address at 518 Pine Street, so that it was error to admit photographs that could have been taken at any of the other apartments.
Our disposition of the appellant's First Assignment of Error renders this issue moot. For purposes of the OBBC, the Pine Street property is a single building. The purpose of the inspection and adjudication orders is not to ascertain whether the individual apartment units are safe but to ensure the safety of the entire building. Therefore, photographs of any part of the Pine Street property are relevant to a determination of whether or not the building is safe, as determined by the application of these regulations to this building.
Appellant's Second Assignment of Error is OVERRULED.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
HARSHA, J., and ABELE, J.: Concur in Judgment and Opinion.
For the Court
 BY: ___________________________ David T. Evans, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.