OPINION
{¶ 1} Parkman Properties, Inc., appellant ("Parkman Properties") appeals the Trumbull County Court of Common Pleas decision, which upheld the adjudication order issued by the City of Warren Building Department to demolish a building located at 2921 Parkman Road, N.W. in Warren deemed to be a nuisance. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} Statement of Facts and Procedural History
 {¶ 3} On August 9, 2006, appellee Christopher A. Tanneyhill ("Mr. Tanneyhill"), Chief Building Official for appellee City of Warren, sent Parkman Properties, through Mr. Donald Guarnieri, a "notice to demolish unsafe structure." The adjudication order stated the building, that had previously housed "Seto Japanese Steak House" but remained vacant since 1988, constitutes an "unsafe structure" in violation of Ohio Building Code Section 115.1. Because the building was deemed a serious hazard, it was ordered to be razed. The adjudication order found that the building was in "an advanced state of dilapidation" and "structural infirmity" and that it was an "immediate hazard to human life or health" that could only be abated by demolition.
 {¶ 4} On September 5, 2006, Parkman Properties filed its notice of appeal to the Board of Building Appeals. On October 16, 2006, a hearing was held before the Board of Building Appeals ("BBA"). Mr. David Rockman, an architect, testified on behalf of Parkman Properties. He submitted a letter prepared by an engineer from Silver Oak Engineering who stated that the roof is in good condition; that although the parking lot needs repaving, it is structurally sound; that minor block repair work is needed in the back of the building; and that all applicable building code upgrades should be made. He opined that the "structural demolition option would be premature and is not recommended. The above referenced inspection should be adequate to defend against present or past demolition mandate." Mr. Rockman also submitted photographs of other buildings in an attempt to show that there were other buildings in worse condition than the 2921 Parkman Road property that were not subject to demolition orders. *Page 3 
 {¶ 5} Mr. Tanneyhill testified for the Building Department. In response to the claim that this building was no worse than others left standing, he explained that oftentimes, demolition orders stem from complaint calls made regarding particular structures. In this case, there was an attempted theft at the building, which had been left vacant for nineteen to twenty years. After the police arrived at the scene, they reported the unsafe conditions to Mr. Tanneyhill, who then went to inspect the building, determined it was unsafe and issued the adjudication order for demolition. Mr. Tanneyhill testified that he served the adjudication order on the property owner. In Mr. Tanneyhill's opinion, the building "is so far deteriorated that the only solution is demolition." Mr. Tanneyhill submitted photographs of the building as evidence of the condition of the building. He testified that the photographs showed a severely deteriorated, collapsed roof area with roof fans coming into the building. The photographs also showed that the joists are rotted, which allowed water to enter the building.
 {¶ 6} At the end of the hearing, the board members voted unanimously to uphold the adjudication order.[1] The order was reduced to a judgment entry. On November 1, 2006, Parkman Properties appealed the BBA decision to the Trumbull County Court of Common Pleas. On June 14, 2007, Parkman Properties filed a motion for a "trial and evidentiary hearing," asking the court to exercise its independent judgment and to reverse the board's decision. For support, it attached the Silver Oak engineering report finding the building structurally sound. On June 27, 2007, Parkman *Page 4 
Properties filed a brief, where it alleged inter alia, that no evidence was submitted to prove it was the owner of the property. Mr. Tanneyhill filed a brief in opposition.
 {¶ 7} On August 21, 2007, the trial court affirmed the decision of the BBA, finding that the decision was not unlawful, unreasonable, or against the manifest weight of the evidence.
 {¶ 8} Parkman Properties filed the instant appeal, raising six assignments of error:
 {¶ 9} "[1.] Ownership is required to be proven before a judgment or finding may be made by an administrative body.
 {¶ 10} "[2.] The Board of Building Appeals and trial court errored [sic] for failure to make a separate finding of fact and law.
 {¶ 11} "[3.] The Board and trial court errored [sic] in not considering the opinion of a registered engineer and architect.
 {¶ 12} "[4.] The Board and court refuse to follow the laws on the `grandfather' of existing building from a new code enacted for new construction only.
 {¶ 13} "[5.] The Board considered and heard evidence of set back lines, age of building, lack of use not [sic] of which are covered by the building [code] [sic].
 {¶ 14} "[6.] The imposition of an order of demolition can not [sic] be made until is proven that the repairs exceed $400.00 before a permit is required."
 {¶ 15} Standard of Review
 {¶ 16} A review of a decision of the Board of Building Appeals is specifically governed by R.C. 3781.031, although there is an interplay with R.C. Chapter 119. S.R. *Page 5 Prods. v. Gerrity (2004), 156 Ohio App.3d 150, 2004-Ohio-472, at ¶ 19;Copeland Corp. v. Ohio Dep't. of Indus. Relations (1988),53 Ohio App.3d 23.
 {¶ 17} R.C. 3781.031 provides in relevant part:
 {¶ 18} "(D) Notwithstanding Chapter 119. of the Revised Code relating to adjudication hearings and proceedings, a stenographic or mechanical record of the testimony and other evidence submitted shall be taken at the expense of the agency. Any party adversely affected by an order issued following an adjudication hearing may appeal to the court of common pleas of the county in which the party is a resident or in which the premises affected by the order is located. The court shall not be confined to the record as certified to it by the agency but any party may produce additional evidence and the court shall hear the matter upon the record and additional evidence any party introduces. The court shallnot affirm the agency's order unless the preponderance of the evidencebefore it supports the reasonableness and lawfulness of the order andany rule of the board of building standards upon which the order isbased in its application to the particular set of facts or circumstancesinvolved in the appeal." (Emphasis added.)
 {¶ 19} Thus, while "R.C. 119.12 provides generally for state administrative appeals[,] R.C. 3781.031 provides specifically for review of Board of Building Appeals decisions, requiring that the common pleas court * * * shall not affirm the order of the agency unless the preponderance of the evidence before it supports the reasonableness and lawfulness of such order * * *." Plummer v. Waltz (Aug. 17, 1995), 3d Dist. No. 11-95-1, 1995 Ohio App. LEXIS 3500, 2.
 {¶ 20} Thus, "[f]or appeals pursuant to R.C. 3781.03, * * * `our inquiry is limited to a determination of whether, as a matter of law, there did exist a preponderance of *Page 6 
evidence to support the reasonableness and lawfulness of the board's order. Our function does not involve a determination as to the weight of the evidence.'" Lamar Outdoor Adver. v. Lima/Allen City Bldg.Dept., 3d Dist. No. 1-07, 10, 2007-Ohio-4945, at ¶ 9, citingCopeland Corp., 53 Ohio App. 3d at 26 (citations omitted).
 {¶ 21} Proof of Ownership
 {¶ 22} In its first assignment of error, Parkman Properties challenges the board's order by arguing that there was insufficient proof that it was the owner of the property. At no time during the administrative review process did Parkman Properties ever raise this issue to the board nor contest its status as the property owner. Rather, it proceeded as if it was the property owner by presenting evidence challenging the adjudication order, and by appealing the board's decision and ultimately the trial court's decision. We find that Parkman Properties has waived this issue by failing to bring this alleged error to the board's attention. See e.g., Alberini v. Warren Twp. Bd. of Trustees (Nov. 17, 1989), 11th Dist. No. 4083, 1989 Ohio App. LEXIS 4291, 5-6. Furthermore, as the City points out, if this allegation is true, then Parkman Properties would be without standing to bring this appeal since it is fundamental that "[a] party must have standing to be entitled to have a court decide the merits of a dispute." City of N. Canton v. City ofCanton, 114 Ohio St.3d 253, 2007-Ohio-4005, at ¶ 11.
 {¶ 23} We overrule Parkman Properties' first assignment of error.
 {¶ 24} Failure of Board and Common Pleas Court to Issue Findings ofFact and Conclusions of Law *Page 7 
 {¶ 25} In its second assignment of error, Parkman Properties contends that the board and trial court were required to make separate findings of fact and conclusions of law. We disagree.
 {¶ 26} Initially, we note that R.C. 3781.031 does not require the agency to prepare findings of fact and conclusions of law. Rather, the statute explicitly states that upon appeal to the common pleas, the trial court "shall not be confined to the record" if a party produces additional evidence. If a party introduces additional evidence, the court is then required to hear the matter upon the record and the additional evidence. Copeland at 25-26. "Although a hearing before the court of common pleas pursuant to R.C. 3781.031 is not de novo, it in fact resembles a de novo proceeding. Clearly, the function of a court of common pleas in an [sic] R.C. 3781.031 appeal differs substantially from that of appellate courts in other contexts." Id. at 26.
 {¶ 27} Nor does R.C. Chapter 119 make any reference "to any requirement that the Board make findings of fact, much less `specific' findings of fact * * *." Perry v. Ohio State Bd. of Pharmacy (July 13, 1998), 7th Dist. No. 95 CA 209, 1998 Ohio App. LEXIS 3226, *8. Rather, R.C. 119.12 makes it clear that "[t]he court may affirm the order of the agency complained of in the appeal if it finds, upon consideration ofthe entire record and any additional evidence the court hasadmitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of this finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law." (Emphasis added.) Thus, the trial court's decision is based upon *Page 8 
consideration of the entire record and any additional evidence presented, not necessarily upon a review of findings of fact and conclusions of law.
 {¶ 28} In this respect, the distinction can be made between appeals from Board of Building Appeals decisions and appeals that are governed by R.C. Chapter 2506. Unlike Chapter 2506 appeals, where transcripts certified without findings of fact and conclusions of law are deemed incomplete under R.C. 2305.06(E) (see Aria's Way v. Bd. of ZoningAppeals, 173 Ohio App.3d 73, 2007-Ohio-4776), findings of fact are not required in this type of case because "only the provisions of R.C. Chapters 119 and 3781 have application to an appeal from the Board of Building [Appeals]. R.C. 2506.03(E) has no application." Wahle v. Dept.of Indus. Relations (1983), 14 Ohio App.3d 101, 103.
 {¶ 29} Parkman Properties also alleges that the trial court was required to issue findings of fact. We reject this contention since "[i]t is not error for a trial court to fail to make separate findings of fact and conclusions of law when an administrative adjudication is appealed to the court of common pleas and the court hears no additional evidence." Perry at *10. Since the trial court did not hear additional evidence, we find the trial court was not required to issue findings of fact and conclusions of law.
 {¶ 30} We overrule Parkman Properties' second assignment of error.
 {¶ 31} Failure to Consider Opinions of Architect and Engineer
 {¶ 32} In its third assignment of error, Parkman Properties contends that the board and trial court erred in failing to consider the opinions of the registered engineer and architect who opined that the building is functional and repairable. *Page 9 
 {¶ 33} In reviewing the trial court's decision, we reiterate that our review is limited "to a determination of whether, as a matter of law, there did exist a preponderance of evidence to support the reasonableness and lawfulness of the board's order. Our function does not involve a determination as to the weight of the evidence."Copeland at 26.
 {¶ 34} In this case, the board's decision was "based upon the evidence submitted." There is nothing to indicate that the board did not consider the opinions of the engineer or the architect. Likewise, the trial court specifically stated in its judgment entry that it reviewed "the record, all affidavits, exhibits, and all memoranda of law and fact."
 {¶ 35} A review of the record indicates that Parkman Properties presented the testimony of David Rockman on its behalf. Mr. Rockman submitted a letter to the board from an engineer from Silver Oak Engineering whose opinion was that the building was structurally sound and that demolition was premature. Mr. Rockman also presented the board with photographs of the building showing that it is structurally safe and of other buildings located in Warren that looked considerably worse than this property. Contrary to this evidence, Mr. Tanneyhill testified that the building was unsafe and presented photographs, which in his opinion, depicted the severely deteriorated condition of the building. After considering this evidence, the board upheld the adjudication order. The trial court found that the decision was not unlawful, unreasonable, or against the manifest weight of the evidence.
 {¶ 36} Due to the conflicting nature of the evidence presented, we find that the board's decision involved matters of credibility, and that the board did not abuse its *Page 10 
discretion in finding Mr. Tanneyhill's testimony more credible than that of Parkman Properties' witnesses. Furthermore, "the common pleas court must show due deference to the board's resolution of any evidentiary conflict. Such deference is considered necessary because the board is in the best position to observe the demeanor of all witnesses and assess their credibility." Chylsta v. Ohio State Dental Bd., 11th Dist. No. 2006-P-0107, 2007-Ohio-7112, at ¶ 36. (Citations omitted.)
 {¶ 37} As applied to this case, we find that there was a preponderance of evidence to support the reasonableness and lawfulness of the board's order. Mr. Tanneyhill opined that the building "is so far deteriorated that the only solution is demolition" and presented photographs to support his position. Therefore, because the record of the board contained sufficient, credible evidence to support the trial court's decision, we conclude that the trial court did not abuse its discretion in upholding the board's decision.
 {¶ 38} We overrule Parkman Properties' third assignment of error.
 {¶ 39} Failure to Comply with Appellate Rules
 {¶ 40} In its fourth through sixth assignments of error, Parkman Properties makes certain arguments that were never raised to the board, and are consequently waived, or are improperly briefed.
 {¶ 41} For instance, in its fourth assignment of error, Parkman Properties argues that the concept of "grandfathering" applies to this case and cites R.C. 3781.37 for support. This statute allows individuals to petition the board of building standards to adopt, amend, or annul a rule adopted pursuant to R.C. 3781.10 or to permit certain *Page 11 
uses. Parkman Properties did not raise this argument below and has consequently waived it on appeal.
 {¶ 42} In its fifth and sixth assignments of error, Parkman Properties makes arguments without citing any supportive legal authority.
 {¶ 43} App.R. 12(A)(2) states that an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16." App.R. 16(A)(7) further states that an appellant's brief must contain "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
 {¶ 44} This court may disregard an assignment of error that fails to comply with App.R. 12(A) or App.R. 16(A)(7). Village of South Russell v.Upchurch, 11th Dist. No. 2001-G-2395 and 2001-G-2396, 2003-Ohio-2099, at ¶ 9. Because Parkman Properties has failed to comply with App.R. 12(A) and App.R. 16(A)(7), we disregard appellant's assignments of error pursuant to App.R. 12(A)(2). Parkman Properties' fourth through sixth assignments of error are overruled.
 {¶ 45} The judgment of the Trumbull County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur.
[1] The BBA also upheld a companion stop work order to prevent unlicensed contractors from entering the premises. *Page 1