[Cite as *Karnofel v. Nye*, 2016-Ohio-3406.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ANN KARNOFEL, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | CASE NO. 2015-T-0126 |
| DAN NYE, NYE'S GENERAL CONTRACTING, | : | |
| Defendant-Appellee. | : | |
| | : | |

Civil Appeal from the Girard Municipal Court, Case No. 2015 CVI 00553.

Judgment: Affirmed.

*Ann Karnofel,* pro se, 1528 Greenwood Avenue, Girard, OH 44420 (Plaintiff-Appellant).

*Dan Nye,* pro se, Nye's General Contracting, 441 North Howard, Salem, OH 44460 (Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1}  Plaintiff-appellant, Ann Karnofel, appeals the judgment of the Girard Municipal Court, entering judgment in favor of defendant-appellee, Dan Nye/Nye's General Contracting, on Karnofel's Complaint.  The issues before this court are whether a claim for breach of contract is supported by evidence when it is based on a homeowner's testimony that a construction job was done incorrectly, whether an answer is required in a small claims case, and whether a court is biased when it rejects the

plaintiff's interpretation of the evidence. For the following reasons, we affirm the judgment of the lower court.

{¶2} On July 15, 2015, Karnofel filed a Small Claims Complaint against Nye in the Girard Municipal Court seeking a refund of $599 and other monetary damages. This was based on her claim that Nye, who she hired to install a drainpipe, did so incorrectly, resulting in a backflow of water in her yard.

{¶3} The matter was set for a hearing, but, pursuant to an August 27, 2015 Magistrate Decision, the hearing was continued as a similar matter had been filed by Delores, Karnofel's daughter, against Nye, whose matter was found void given her status as a vexatious litigator.

{¶4} On September 22, 2015, Nye was granted a continuance to file a counterclaim. This counterclaim was filed on September 29, 2015, requesting "payment [of] late fees and time lost coming to court."

{¶5} Karnofel filed an Answer to the counterclaim on October 5, 2015.

{¶6} A hearing was held on October 27, 2015.

{¶7} Karnofel testified that she had a contract with Nye to install drain lines on her property, for which she paid a $599 deposit. She argued that he "misinstalled the drainpipe and the French drain," and presented photographs which she contended showed water in the yard after it rains. She stated that an inspector, Dave Hall, told her the drainpipe was "too high" and would cause backflow.

{¶8} Delores testified that the pipes were installed incorrectly, causing water to pool in the yard after it rained, and damaging the basement walls. Delores also explained a "report" from Bob Vila, which was obtained online, that stated the trench for

2

the drain should be a certain width. The magistrate stated, "I'm not going to take a report on Bob Vila."

{¶9} Nye explained that he installed a new drain line to move water away from the house. He described that the placement of the drain was adequate and, given the weather that spring, the sewers were not keeping up with water flow. Nye explained that Karnofel had backflow from the natural elevation and slope of her property, as well as the slope of her neighbor's yard. Nye believed he performed the requirements of the contract.

{¶10} A Magistrate's Decision filed on November 3, 2015, granted judgment in favor of Nye on Karnofel's claim and judgment for Karnofel on the counterclaim. The Decision stated: "Karnofel presented photographs of her yard which showed some bare patches and standing water along with a section of dirt pulled away exposing a pipe installed by Defendant, among other items, as evidence of her claim. * * * Based on the testimony and other evidence presented by the parties, it is the opinion [of] the Magistrate that the Plaintiff failed to sustain her burden of proof with regard to the damages allegedly sustained." The trial court adopted the Magistrate's Decision on November 20, 2015.

{¶11} Karnofel timely appeals and raises the following assignments of error:[1]

{¶12} "[1.] The Trial Court erred on November 3, 2015, when it overlooked pertinent evidence submitted by Appellant.

{¶13} "[2.] The trial court erred on November 3, 2015, when it overlooked the fact that Appellee did not file a response to Appellant's Complaint.

{¶14} "[3.] The trial court showed favoritism toward Appellee in its decision."

---

1. Nye did not file an appellee's brief.

3

**{¶15}** In her first assignment of error, Karnofel argues that the court "overlooked pertinent evidence." The thrust of her arguments is that the evidence supported her claim that Nye improperly installed the drainpipes. Essentially, she claims that the decision was against the weight of the evidence.

**{¶16}** As an initial matter, we note that this court's ability to consider Karnofel's arguments is limited by her failure to file timely objections to the Magistrate's Decision. The Rules of Civil Procedure provide that the failure to file objections to a magistrate's decision results in the waiver of the right to assign its adoption by the trial court as error on appeal: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv). This standard applies in small claims cases. *Lynn v. Schulte*, 11th Dist. Ashtabula Nos. 2015-A-0017 and 2015-A-0026, 2015-Ohio-5527, ¶ 21; Girard Municipal Court Rule 1.18 (requiring a party to file objections to the magistrate's decision in a small claims case).

**{¶17}** While Karnofel contends that the pictures show water in her yard and improper placement of the pipes, the magistrate appropriately decided that her claim was not supported by the evidence. The photos alone are not proof that pipes were installed improperly. Although the Karnofels explained that they believed the pipes were installed incorrectly, they presented no testimony from anyone who would be qualified to make such a conclusion. Nye, on the other hand, testified that the installation was proper.

**{¶18}** Further, while pictures were presented to show that water was pooling in the yard, the cause of this was also not established. There was no valid evidence to

4

prove the drain installation by Nye caused this. Nye testified that any water pooling in the yard was the result of abnormally rainy weather, the natural conditions of the property, and the slope of the neighbor's yard. The magistrate was entitled to accept this explanation rather than Karnofel's personal belief to the contrary. It was not plain error to find Nye's testimony more credible and reliable.

{¶19} To the extent that Karnofel contends that the evidence was not actually considered or reviewed by the court, this is not consistent with the record. There is no question that the magistrate reviewed all of the photos and evidence presented, as he went over them during the hearing. Karnofel contends that the "Bob Vila report" was not considered. This document was a printout from bobvila.com, discussing French drains. The magistrate was entitled to disregard it and give it no weight. It is unclear whether it supports the contention that the work was done incorrectly and lacks reliability. *Karnofel v. Girard Police Dept.*, 11th Dist. Trumbull No. 2004-T-0145, 2005-Ohio-6154, ¶ 16 (a small claims court, although given wide latitude in admitting evidence, must exercise its discretion to "assure that its decisions are based upon some reliable evidence"); *Erwin v. Best Buy Auto Sales*, 11th Dist. Lake No. 2002-L-117, 2003-Ohio-6770, ¶ 10 (a plaintiff is required to present reliable evidence to support his or her claim). The court had no basis to rely on an internet source which may or may not have been relevant to the case before it or reliable.

{¶20} The first assignment of error is without merit.

{¶21} In her second assignment of error, Karnofel argues that the lower court erred by "neglect[ing] to enforce Civ.R. 7," since it should have required Nye to file an answer to the Complaint.

5

{¶22} As this court has consistently held, an answer is not required in a small claims proceeding. *Carson v. Holmes*, 11th Dist. Portage No. 2010-P-0007, 2010-Ohio-4199, ¶ 41; *Bodor v. Fontanella*, 11th Dist. Trumbull No. 2005-T-0091, 2006-Ohio-3883, ¶ 32. Thus, the court did not err in this regard.

{¶23} The second assignment of error is without merit.

{¶24} In her third assignment of error, Karnofel alleges that the lower court was biased and favored Nye because of his gender.

{¶25} While it is true that judicial bias or favoritism can violate an individual's due process rights, *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34, Karnofel provides absolutely no basis for asserting such a claim against the lower court. She points to no instances of favoritism, but again raises arguments as to why she should have prevailed on her underlying claim against Nye. That the court found Karnofel failed to prove her case is not evidence of "favoritism." In the absence of any evidence whatsoever supporting this argument, we reject the contention that the court was biased.

{¶26} The third assignment of error is without merit.

{¶27} For the foregoing reasons, the judgment of the Girard Municipal Court, ruling in favor of Nye on Karnofel's Complaint, is affirmed. Costs to be taxed against appellant.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

6