[Cite as *Karnofel v. Nye*, 2017-Ohio-7027.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ANN KARNOFEL, | : | **PER CURIAM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-T-0119** |
| DAN NYE, NYE'S GENERAL CONTRACTING, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

Civil Appeal from the Girard Municipal Court, Case No. 2015 CVI 000553.

Judgment: Affirmed.

*Ann Karnofel,* pro se, 1528 Greenwood Avenue, Girard, OH 44420 (Plaintiff-Appellant).

*Dan Nye, Nye's General Contracting*, pro se, 11875 Lisbon Road, Salem, OH 44460 (Defendant-Appellee).

PER CURIAM

{¶1} Plaintiff-appellant, Ann Karnofel, appeals from the Girard Municipal Court's denial of her Motion for Relief from Judgment. The issues before this court are whether Civ.R. 60(B) relief is warranted when new pictures of allegedly defective construction are presented and whether a court is biased when it rejects the plaintiff's interpretation of the evidence. For the following reasons, we affirm the lower court's judgment.

{¶2} On July 15, 2015, Karnofel filed a Small Claims Complaint against defendant-appellee, Dan Nye/Nye's General Contracting, in the Girard Municipal Court. This was based on her claim that Nye installed a drainpipe incorrectly, resulting in a backflow of water in Karnofel's yard. Nye filed a counterclaim, requesting late fees and other costs.

{¶3} A hearing was held on October 27, 2015. Karnofel testified that Nye "misinstalled the drainpipe and the French drain" on her property, and presented photographs which she contended showed water collecting in the yard. She stated that an inspector, Dave Hall, told her the drainpipe was "too high" and would cause backflow. Ann's daughter, Delores Karnofel, testified that the pipes were installed incorrectly, causing water to pool after it rained, and damaging the basement walls.

{¶4} Nye testified that he installed a new drain line to move water away from the house and performed the contractual requirements. He described the placement of the drain as adequate. Nye explained backflow resulted from the property's natural elevation and slope, the slope of the neighbor's yard, and rainy weather that spring.

{¶5} A Magistrate's Decision filed on November 3, 2015, granted judgment in favor of Nye on Karnofel's claim and judgment for Karnofel on the counterclaim. The magistrate found that Karnofel "failed to sustain her burden of proof with regard to the damages allegedly sustained." The trial court adopted the Magistrate's Decision on November 20, 2015.

{¶6} Karnofel appealed, arguing that the lower court's decision was against the weight of the evidence and that the court was biased. These arguments were rejected

and the lower court's decision was affirmed. *Karnofel v. Nye*, 11th Dist. Trumbull No. 2015-T-0126, 2016-Ohio-3406.

{¶7} On October 28, 2016, Karnofel filed a Motion for Relief from Judgment. Attached to the Motion was "newly discovered evidence" in the form of a photograph "of the back of the house before Defendant filled it in with dirt" and a photo of "what the job looks like after two seasons."

{¶8} The trial court issued a Judgment Entry on November 17, 2016, overruling Karnofel's Motion.

{¶9} Karnofel timely appeals and raises the following assignments of error:[1]

{¶10} "[1.] The Trial Court abused its discretion when it overruled Appellant's Motion for Relief from Judgment.

{¶11} "[2.] Appellant's due process rights were denied [under the] 14th Amendment, Section 1 of the U.S. Constitution."

{¶12} In her first assignment of error, Karnofel argues that "newly discovered evidence" attached to her Motion for Relief from Judgment, as well as "fraud" and "mistake," warranted a judgment in her favor.

{¶13} "In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion." *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988), citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

---

1. Nye did not file an appellee's brief.

3

**{¶14}** The applicable grounds for relief contained in Civil Rule 60(B) include: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment." A motion under Civ.R. 60(B) "shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

**{¶15}** "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan,* 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

**{¶16}** Karnofel first argues that two photographs attached to her Motion, described as "newly discovered evidence," show a lack of grading against the foundation. She contends this proves her claim that the pipes were installed incorrectly and refutes the conclusion that she failed to sustain her burden of proof.

**{¶17}** This evidence is not "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)." Civ.R. 60(B)(2). Karnofel did not demonstrate why the picture of her home, described as being taken before the work was performed, could not have been presented or discovered previously. The second picture, which shows "what the job looks like after two seasons," is also not newly discovered evidence. Evidence which was "not created until after the trial do[es] not constitute 'new evidence' for purposes of seeking relief

4

from a final judgment" and that ground is "only meant to apply to evidence which was already in existence at the time of the trial, but the moving party was excusably unaware of it." *Gaul v. Gaul*, 11th Dist. Ashtabula No. 2011-A-0065, 2012-Ohio-4005, ¶ 21.

{¶18} This is merely an attempt by Karnofel to supplement the record with additional evidence to get a second chance at a ruling in her favor. Civ.R. 60(B) does not permit parties to have "do-overs" or "second bites at the apple," nor does it allow a party to have "potentially unlimited opportunities to submit additional evidence" until that party has enough to prevail. *Adams v. Pitorak & Coenen Invests., Ltd.,* 11th Dist. Geauga Nos. 2009-G-2931 and 2009-G-2940, 2010-Ohio-3359, ¶ 84-85.

{¶19} Karnofel also contends that the court was "mistaken" in failing to interpret the evidence to find that the installation was improper, proceeding to argue the merits of her underlying claim.

{¶20} Karnofel reargues the merits of the testimony presented at the hearing on her Complaint, citing Nye's trial testimony and opining that it supports her position. This is not a proper ground to grant a motion for relief from judgment. *Natl. City Bank v. Graham,* 11th Dist. Lake No. 2010-L-047, 2011-Ohio-2584, ¶ 20 ("a Civ.R. 60(B) motion cannot be employed as a means of contesting the merits of the underlying judgment"). Moreover, it has already been considered by this court, which held that the lower court was entitled to find Nye's testimony more credible and Karnofel "presented no testimony from anyone who would be qualified to" conclude the work was done incorrectly. *Karnofel*, 2016-Ohio-3406, at ¶ 17. When issues raised in a Civ.R. 60(B) motion have already been ruled upon at the appellate court level, their consideration is barred by the doctrine of res judicata. *Streetsboro v. Encore Homes*, 11th Dist. Portage No. 2002-P-

0018, 2003-Ohio-2109, ¶ 10; *Blasco v. Mislik,* 69 Ohio St.2d 684, 686, 433 N.E.2d 612 (1982) (a Civ.R. 60(B) motion is not a substitute for an appeal).

{¶21} Finally, Karnofel argues that "it is obvious that fraud was a factor in the [lower court's] decision-making process." She fails to point to any evidence or examples of fraud to support her position. Disagreement with the court's ruling on the merits following a trial does not demonstrate fraud.

{¶22} Since Karnofel can prove no ground for relief under Civ.R. 60(B)(1)-(5), she cannot prevail on her Motion. The requirements for relief from judgment are "conjunctive," and "the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton,* 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

{¶23} The first assignment of error is without merit.

{¶24} In her second assignment of error, Karnofel argues that the trial court ignored certain evidence and issued a "biased decision because Appellant is a pro-se litigant who is a female at an elderly age."

{¶25} Karnofel raised a similar argument in her prior appeal, alleging that the court favored Nye because he was a man. This court rejected the argument, noting that "[w]hile it is true that judicial bias or favoritism can violate an individual's due process rights, *State v. LaMar,* 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34, Karnofel provides absolutely no basis for asserting such a claim against the lower court." *Karnofel*, 2016-Ohio-3406, at ¶ 25. Karnofel again provides no examples or evidence on which to base a claim of bias. In the absence of any proof supporting her argument, we reject the contention that the lower court was biased.

{¶26} The second assignment of error is without merit.

{¶27} For the foregoing reasons, the judgment of the Girard Municipal Court, denying Karnofel's Motion for Relief from Judgment, is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur, COLLEEN MARY O'TOOLE, J., concurs in judgment only.