[Cite as *Karnofel v. Superior Waterproofing, Inc.*, 2019-Ohio-1409.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ANN KARNOFEL, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-T-0055** |
| SUPERIOR WATERPROOFING, INC., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CV 01162.

Judgment:  Affirmed.

*Ann Karnofel*, pro se, 1528 Greenwood Avenue, Girard, OH  44420 (Plaintiff-Appellant).

*Ned C. Gold, Jr.*, Ford, Gold, Kovoor & Simon, Ltd., 8872 East Market Street, Warren, OH  44484 (For Defendant-Appellee).

MARY JANE TRAPP, J.

{¶1}    Appellant, Ann Karnofel, appeals the judgment of the Trumbull County Court of Common Pleas denying her motion for relief from judgment for newly discovered evidence and fraud against appellee, Superior Waterproofing, Inc.  Finding this appeal barred by the doctrine of res judicata, we affirm.

**Substantive and Procedural Law**

{¶2} The matter before us has a convoluted history because the same underlying facts and claims have been before this court in a myriad of cases from both the Trumbull County Court of Common Pleas as well as the Girard Municipal Court. Ann Karnofel and her daughter, Delores Karnofel, a vexatious litigator, have employed a variety of creative, yet fundamentally flawed and spurious legal theories, to continue to litigate a contract matter for years after it was finally resolved by two trial courts, this court, and the Supreme Court of Ohio.

{¶3} In sum, on June 27, 2013, Ann Karnofel ("Ann") contracted with Superior Waterproofing, Inc. ("Superior") for waterproofing work and other improvements to the home in which she lives with her two daughters who own the home, Delores Karnofel ("Delores") and Donna Jean Beck. The contract was submitted to Delores and approved by Ann in Delores' presence.

{¶4} Superior commenced work on September 16, 2013. At this time, Delores Karnofel, with her mother's consent, asked for additional work to be performed at additional cost. Before work was completed, on October 1, 2013, Delores cancelled the contract, objecting to the additional cost and the quality of the work. Since money was owed on the work already performed, Superior filed an action against Delores in the Girard Municipal Court, Case No. 2014 CVF 01065 (the "Girard case").

### Girard Municipal Court Case

{¶5} A synopsis of the Girard case is necessary because the same parties and arguments are present in this case, as is the underlying issue of Delores' status as a vexatious litigator. (Pursuant to R.C. 2323.52, a vexatious litigator is required to file for leave or permission of the court in which he or she was found to be vexatious every time

2

he or she is seeking to proceed in a civil action at the trial court level. Similarly, he or she must file for leave with a court of appeals in order to institute a proceeding at the appellate level. *See*, R.C. R.C. 2323.52(F)(1) and (2).)

{¶6}   After Superior filed a complaint against Delores for money owed under the contract, attaching both the contract (entitled "Proposal" dated June 23, 2013) and an "invoice" dated October 3, 2014. Delores, who was first declared a vexatious litigator by the Trumbull County Court of Common Pleas on October 6, 2008, moved the Girard Municipal Court for permission to file an answer, counterclaim, and motion for summary judgment. The court granted these separately filed motions. Then four days after Superior's motion for summary judgment was filed, the motion was granted. Delores subsequently appealed.

{¶7}   We vacated this judgment and remanded in *Superior Waterproofing v. Karnofel*, 11th Dist. Trumbull No. 2015-T-0113, 2016-Ohio-6992 ("*Karnofel I*"). In relevant part, this court concluded that Delores was not required to file leave of the Trumbull County Court of Common Pleas to file an answer and other responsive pleadings despite her status as a vexatious litigator. She was, however, required to obtain leave of the Trumbull County Court of Common Pleas to proceed in the Girard case on any claim requesting an order or other relief, such as her counterclaim or summary judgment. *Id.* at ¶20.

{¶8}   On remand, the summary judgment proceedings continued. Delores filed a response to Superior's motion for summary judgment, but she failed to seek leave from the Trumbull County Court of Common Pleas to file a counterclaim or summary judgment motion.

3

{¶9} A review of the matters addressed in the summary judgment exercise is important to the understanding of the disposition of this appeal and the various other cases and appeals that followed this first action.

{¶10} Incorporated into Superior's motion for summary judgment were two affidavits of Frank Kiepper ("Mr. Kiepper,") the owner of Superior. His averments were supported by a copy of the original signed contract and the itemized invoice. Mr. Kiepper claimed the additional work requested was to (1) install new downspouts to the street, (2) install additional waterproofing on a back wall and (3) replace a French drain with solid PVC pipe. Delores claimed that the only additional work she approved was the French drain.

{¶11} The invoice set out the contract price at $9,500, and the additional work requested at $1,600, $1,200, and $200, respectively, for a total amount of $12,500. The invoice indicated $6,000 had been paid, leaving a balance due of $6,500.

{¶12} Mr. Kiepper averred that $1,500 of the remaining balance was work that was contracted but not completed because Delores halted the work. The $5,000 remaining was due for the additional work already completed.

{¶13} Attached to Delores' response in opposition to Superior's motion for summary judgment were pictures of her residence and copies of contracts with other contractors she hired "to correct the problems left uncompleted" in the amount of $1,303. She admitted she instructed Mr. Keipper not to return to the property but claims it was because of a "sex stunt" Mr. Keipper performed on her back porch.

**{¶14}** The Girard Municipal Court granted Superior's motion for summary judgment in the amount of $5,000 plus post-judgment interest at the rate of 3 percent per annum and costs.

**{¶15}** This court granted Delores' application for leave to file an appeal of the summary judgment order. We affirmed the lower court's judgment in *Superior Waterproofing Inc. v. Karnofel*, 11th Dist. Trumbull No. 2017-T-0010, 2017-Ohio-7966 ("*Karnofel II*"), finding Delores' assignments of error without merit. We agreed with the trial court that Delores failed to carry her burden to demonstrate a genuine issue of material fact supporting her arguments that she had no knowledge of the additional work requested and that Mr. Keipper was using these additional items as hidden costs to gain a profit. *Id.* at ¶25-26. No further appeal was taken.

**{¶16}** Despite this final resolution, Delores then filed a motion for leave to file a counterclaim in the Girard case with the Trumbull County Court of Common Pleas. On the same day, the court denied her motion finding her counterclaim to have no merit. Delores then filed in this court a motion for leave to proceed with a notice of appeal of the Trumbull County Court of Common Pleas' judgment. By way of a judgment entry in Case No. 2019-T-0008, we denied this motion for leave because, pursuant to R.C. 2323.52(G), a decision that denies a vexatious litigator leave to proceed is not appealable.

### *Trumbull County Court of Common Pleas Case*

**{¶17}** While the Girard case proceeded through the various courts, including our own, Delores' mother, Ann, pro se, filed a complaint against Superior in the Trumbull County Court of Common Pleas, Case No. 2015 CV 01162, for breach of contract and negligent workmanship, raising the same allegations of the additional work Delores

5

denied contracting for in the Girard case.  Extensive motion practice followed with both the trial court magistrate and Superior rebuking Delores for effectively acting as counsel for her pro se mother.  Delores had been handwriting all of Ann's briefs and appearing in court on Ann's behalf.

**{¶18}** Attached to Superior's answer to Ann Karknofel's complaint and its counterclaim was a copy of Superior's complaint against Delores in the Girard case, which contained copies of the original June 23, 2013 contract (entitled "Proposal") and the October 3, 2014 "Invoice" that itemized the account-the original bid, the additional work requested after work began, and the total payments received.

**{¶19}** Attached to Superior's motion for summary judgment was:  Mr. Kiepper's affidavits, a copy of the original June 23, 2013 "Proposal," followed most importantly by, an untitled, handwritten document that contains the following information:  "additional 1200 for digging around sunroom.  Paid 3000.00 downpayment [sic] 9-24-13.  Balance 7,700."  The document then itemizes what is owed and what was paid, delineating what was left to be paid for the different services:  "waterproofing:  [$]9,500.00, downspouts 1,600.00, sunroom 1,200.00, extra French drain, 200.00 for a total of 12,500.00 – 3,000.00 downpayment [sic] paid on 9-24-13 – 3,000 payment on 9-30-13, for a remainder balance of 6,500.00."

**{¶20}** This is the same document Ann Karnofel claims in her motion for relief from judgment was just discovered.

**{¶21}** The trial court granted Superior's motion for summary judgment, concluding that Ann's claims were compulsory counterclaims in the Girard case and that Ann and Delores were in privity.  Consequently, the trial court concluded that the new case filed

by Ann was barred by the doctrine of res judicata resulting from the final determination of the issues in the Girard case.

**{¶22}** Ann appealed the trial court's judgment, contending the court erred in finding Delores in privity with her and in ruling in Superior's favor on the merits. We affirmed in *Karnofel v. Superior Waterproofing, Inc.*, 11th Dist. Trumbull No. 2017-T-0026, 2017-Ohio-9346 ("*Karnofel III*"), finding no error in the trial court's determination that Ann and Delores were in privity inasmuch as they are mother and daughter, they live together in the same house, and Delores' attempted counterclaim against Superior in the Girard case alleged breach of contract and negligent workmanship. *Id.* at ¶18.

**{¶23}** Ann then filed a Civ.R. 60(B) motion for relief from judgment with the trial court alleging newly discovered evidence and fraud. Ann claimed that Mr. Keipper's handwritten notes on the back of the contract that detail the amounts paid and owed, which she describes as a "falsified change order," is newly discovered evidence. Ann claims she only recently discovered this "evidence" in her daughter Delores' file "since" the suit on account was filed against her daughter.

**{¶24}** Ann not only claimed that this evidence could not have been discovered sooner because it was in "her daughter's file" in the Girard case, but she further claimed that because it was on the backside of the parties' contract, "it was hard to discover" and constituted evidence of fraud. Ann alleged that Superior purposefully hid the back of the contract despite the most crucial fact that Superior had attached the handwritten document to its motion for summary judgment in this case in the Trumbull County Court of Common Pleas.

7

**{¶25}** The trial court denied Ann's motion from relief from judgment, and Ann filed the instant appeal. Superior filed its merit brief and a motion for sanctions and attorney fees.

**{¶26}** Ann Karnofel raises three assignments of error:

**{¶27}** "[1.] The Trial Court overlooked the newly discovered evidence, because I am a pro se litigant.

**{¶28}** "[2.] The Appellee participated in fraud upon the court.

**{¶29}** "[3.] The Trial Court issued a biased decision."

## Motion for Relief from Judgment

**{¶30}** "In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion." *Karnofel v. Nye*, 11th Dist. Trumbull No. 2016-T-0119, 2017-Ohio-7027, ¶13, citing *Rose v. Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988), citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 147 Ohio St.2d 146 (1976), paragraph two of the syllabus.

**{¶31}** "The applicable grounds for relief contained in Civ.R. 60(B) include: '(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment.'" *Id.* at ¶14, quoting Civ.R. 60(B). "A motion under

8

Civ.R. 60(B) 'shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.'" *Id.*

**{¶32}** "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Id.* at ¶15, quoting *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

**{¶33}** Ann argues that the handwritten invoice on the back of the contract detailing the work performed and monies owed is evidence of Superior's fraudulent attempt to include and charge for additional work. She contends this evidence could not have been previously discovered because a copy of the contract was attached to Superior's complaint filed in the Girard case "against her daughter." She also argues that the trial court denied her motion for relief from judgment because he is biased against her as a "female, pro se litigant who is an elderly senior citizen."

**{¶34}** "When issues raised in a Civ.R. 60(B) motion have already been ruled upon at the appellate court level, their consideration is barred by the doctrine of res judicata." *Nye, supra*, at ¶20, citing *Streetsboro v. Encore Homes,* 11th Dist. Portage No. 2002-P-0018, 2003-Ohio-2109, ¶10; *Blasco v. Mislik*, 69 Ohio St.2d 684, 686 (1982) (a Civ.R. 60(B) motion is not a substitute for an appeal).

**{¶35}** As we noted in *Karnofel III* regarding Ann's appeal of the trial court's summary judgment decision, *all* of Ann Karnofel's claims are barred by res judicata because she is in privity with Delores, and these claims were either already raised or could have been raised in the Girard case. *Id.* at ¶22 (finding a privity of interest as explained above and a "logical relation" pursuant to Civ.R. 13(A) between Ann's case and

9

Delores' intended counterclaim in the Girard Municipal Court because they involve the same contract and the same opposing party). By extension, our previous res judicata determination also applies to the present appeal regarding Ann's motion for relief for judgment.

{¶36} Assuming arguendo, res judicata did not apply, Ann's "newly discovered evidence" as grounds for relief under Civ. R.60(B)(2) set out in her first assignment of error must fail because a Civ.R. 60(B)(2) motion must be made "not more than one year after the judgment * * * was entered or taken." Ann's May 7, 2018 motion for relief from judgment was filed more than one year after the trial court awarded Superior summary judgment on April 7, 2017.

{¶37} And in any event, and most fundamentally, Ann failed to demonstrate why she was precluded from discovering a copy of the handwritten document in this case. The handwritten document was attached to Superior's February 1, 2017 motion for summary judgment.

{¶38} Nor does Ann even attempt to explain or support with authority her argument in the second assignment of error that "concealing" this "newly discovered evidence" constitutes fraud, misrepresentation, or misconduct entitling her to relief under Civ.R.60(B)(3) or the broader Civ.R. 60(B)(5). "App.R. 12(A)(2) states that an appellate court 'may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16.'" *Parkman Properties, Inc. v. Tanneyhill*, 11th Dist. Trumbull No. 2007-T-0098, 2008-Ohio-1502, ¶43, quoting App.R. 12(A)(2). "App.R. 16(A)(7) further states that an appellant's brief must

contain '[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." *Id.,* quoting App.R. 16(A)(7).

{¶39} Accordingly, this court may disregard an assignment of error that fails to comply with App.R. 12(A) or App.R. 16(A)(7). *Id.* at ¶44, quoting *Village South Russell v. Upchurch*, 11th Dist. Geauga No. 2001-G-2395 and 2001-G-2396, 2003-Ohio-2099, ¶9. Because Ann has failed to comply with App.R. 12(A) and App.R. 16(A)(7), we disregard this assignment of error pursuant to App.R. 12(A)(2).

{¶40} Lastly, we note that Ann raises many of the same arguments Delores has raised in many of Delores' previous cases before this court.

{¶41} In her third assignment error Ann claims the trial court was biased against her as a pro se, female, elderly litigant.

{¶42} We previously rejected this argument in *Karnofel v. Nye*, 11th Dist. Trumbull No. 2015-T-0126, 2016-Ohio-3406*,* a case in which Delores was the appellant, where we aptly stated: "[w]hile it is true that judicial bias or favoritism can violate an individual's due process rights, * * * Karnofel provides absolutely no basis for asserting such a claim against the lower court." *Id.* at ¶25, quoting *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶34. Ann again provides no examples or evidence on which to base a claim of bias, and her argument is without supporting authority. In the absence of any proof supporting her argument, we reject the contention that the lower court was biased. *Id.*

{¶43} Finally, "'[p]ro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and

must accept the results of their own mistakes and errors.'" (Emphasis sic.) *Karnofel v. Cafaro Mgt. Co.*, 11th Dist. Trumbull No. 97-T-0072, 1998 WL 553491, 2 (June 26, 1998), quoting *Meyers v. First Natl. Bank of Cincinnati*, 3 Ohio App.3d 209, 210 (1st Dist.1981).

{¶44} For the foregoing reasons, Ms. Karnofel's assignments of error are not well-taken and are frivolous. The judgment of the Trumbull County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.